APAC-MISSISSIPPI, INC. *v.* DEEP SOUTH
CONSTRUCTION COMPANY, INC., R.M. COURSON,
INC. and Patsy THOMASSON, et al.

85-118                                    704 S.W.2d 620

Supreme Court of Arkansas
Opinion delivered February 24, 1986
[Rehearing denied March 31, 1986.*]

---

* Purtle, J., not participating.

278

*William B. Miller* of *Friday, Eldredge & Clark*, by: *Oscar E. Davis, Jr.* and *John Dewey Watson*, for appellant.

*Arnold, Hamilton & Streetman*, by: *Herman L. Hamilton, Jr.*, for appellees.

JOSEPHINE L. HART, Special Justice. Deep South Construction Company, Inc. and R.M. Courson, Inc., Appellees, filed an action for injunction against Patsy Thomasson, et al. in their representative capacities as members of the Arkansas Highway Commission and Henry Gray as Director of the Highway Commission in the Chancery Court of Pulaski County, Arkansas, seeking an injunction against the Arkansas State Highway Commission and the Arkansas State Highway and Transportation Department prohibiting them from awarding a construction contract on Job No. 2660 in Drew County, Arkansas. A temporary injunction was entered enjoining the Arkansas Highway Commission and the Arkansas State Highway and Transportation Department from entering into a contract with Appellant, APAC-Mississippi, Inc. APAC intervened alleging that they were the apparent low bidder and entitled to receive the contract. It is undisputed that Appellant, APAC, submitted a low bid of $2,017,213.85 and that the next lowest bid was Appellee with a bid of $2,036,095.90.

The controversy presented involves Act 102 of 1977, commonly referred to as the "Preference Statute." Appellees, Deep South Construction Company, Inc. and R.M. Courson,

Inc., contended in Chancery Court that although Appellant's bid was the lowest dollar bid, they were entitled to the contract because they were the next lowest bidder and fell within the provisions of Act 102 of 1977 and that Appellants had not complied with Act 102. Act 102 gives complying bidders the contract if their bid is less than 3% above the lowest bid, provided that the lowest bidder has not complied with Act 102.

Both Appellant and Appellee filed motions for summary judgment. The Chancellor entered summary judgment for Appellee, dissolved the temporary injunction but declared that Act 102 applied to the Highway Commission; found that APAC failed to comply with the provisions of Act 102 and upheld the constitutionality of Act 102.

APAC appealed contending the following: (1) that provisions of Act 102 of 1977 do not apply to contracts awarded by the Arkansas State Highway Commission; (2) assuming that Act 102 of 1977 applies to contracts awarded by the Arkansas State Highway Commission that Appellant has complied with the provisions of that Act; and (3) that the Act is unconstitutional.

■ The pertinent provision of Act 102 as applied in this context gives preference to a bidder who has paid taxes to one or more counties on either real or personal property used or intended to be used in the performance of construction contracts where the next low bid was less than 3% above the lowest dollar bid. Appellant's assertions that Act 102 should not apply to contracts awarded by the Arkansas State Highway Commission is founded in Section 1 of Act 102 which provides:

> In awarding contracts covered by the provisions of Act 159 of 1949, as amended, by Act 183 of 1957, bids of contractors who have satisfactorily performed prior contracts, and who have paid taxes for not less than two (2) successive years immediately prior to submitting a bid under the Arkansas Employment Security Act, and amendments thereto, and either the Arkansas Gross Receipts Act and amendments thereto or the Arkansas Compensating Tax Act and amendments thereto, on any property used or intended to be used for or in construction or in connection with the contractors construction business, and further within the two (2) year period have paid any taxes to one

(1) or more counties [school districts, or municipalities] of the State of Arkansas on either real or personal property used or intended to be used in performance of or in connection with construction contracts, shall be deemed a better bid than the bid of a competing contractor who has not paid such taxes, whenever the bid of the competing contractor is less than three percent (3%) lower, and the contractor making a bid as provided by this Act which is deemed the better bid, shall be awarded the contract.

Appellant argues that Act 102 only applies to contracts covered by the provisions of Act 159 of 1949. An exact reading of Act 102 limits application of that Act to contracts "covered by Act 159 of 1949, as amended, by Act 183 of 1957 . . ."

Act 159 provides the procedure to be followed by the State when letting contracts for making permanent improvements where the estimated costs exceeds ten thousand dollars. Nothing in Act 159 of 1949 refers to the Highway Commission but deals with the general procedures to be followed by public agencies entering into contracts.

Appellant's argument that Act 159 excludes the Highway Commission from the provisions of that Act rests solely on an amendment to Act 159 which was enacted in Act 370 of 1977, the same legislative session which enacted Act 102. The preamble of Act 370 of 1977 states "An Act to Amend Section 2 and Section 5 of Act 159 of 1949, to Allow for the Downward Negotiation of Bids for Public Buildings and Improvements in Those Instances Where All Bids Exceed the Amount Appropriated for Such Projects, To Exclude Certain Construction Work; and for Other Purposes."

Section 2 of Act 370 states:

"Section 5 of Act 159 of 1949 is amended to read as follows:

Section 5. The provisions of this Act shall not apply to contracts awarded by the Arkansas State Highway Commission for construction or maintenance of public highways, roads or streets, under the provision of Act 65 of 1929, as amended, and laws supplemental and amendatory thereto . . ."

Appellant urges that Act 370 passed in 1977 which amended Section 2 and Section 5 of Act 159 has the effect of changing Act 159 to the same effect as if it had been originally enacted with the exclusion of highway contracts. Appellant seeks to give the plain meaning to the language without regard to the intent of the legislature. In support of this position, Appellant argues that Act 65 of 1929, which relates to construction of state highways, should apply and is in conflict with Act 102. Act 65 provides in Section 18 and 21 that all contracts shall be "let to the lowest bidder."

A closer inspection of the background and purposes of Acts 102, 159 and 370 does not support Appellant's contentions.

The basic preference provisions of Act 102 were originally found in Act 264 of 1961. Act 264 was found to be unconstitutional in *Rayco Construction Company* v. *Vorsanger*, 397 F. Supp. 1105 (E.D. Ark. 1975) and Act 102 was created to comply with the dictates of the Federal Court ruling and to give a constitutionally sound base to the preferential statutes which had previously been enacted as Act 264. The original preference Act, Act 264, stated, as does Act 102, that it applied to all contracts governed by Act 159 and would therefore apply to the State Highway Commission. No indication was given in Act 102 that it would not apply to the Highway Commission. If that was the intention of the Legislature, that exclusion should have been placed on the face of the Act.

A further reading of Act 370, which amends Act 159, states in its preamble that the purpose of the Act was to "Allow for the Downward Negotiation of Bids for Public Buildings and Improvements. . . ." Section 1 provides for downward negotiation and Section 2 excludes Arkansas Highway Commission contracts from Act 159. Given the stated purpose of Act 370, this exclusion should be read only to remove highway contracts from the downward negotiation provisions and not from the requirements of the formal bidding procedure set forth in Act 159.

Further, Acts 370 and 102 were both passed in the 1977 Legislative Session. Inasmuch as they were passed at the same time, it is clear that the drafters intended that Act 102 would apply to all contracts included in Act 159 as that Act read before the amendment set out in Act 370. Any other reading of these

Acts would repeal the application of 102 through an indirect manner and would effect a "repeal by implication" which is not favored in statutory interpretations.

Secondly, Appellant argues that even if Act 102 is applicable to contracts awarded by the State Highway Commission, that it has complied with the Act by paying taxes which went to one or more counties and thus qualifies for the preference equally with Appellee and should therefore be awarded the contract. Act 102 provides that in order to qualify as a "preferential contractor", the bidder must, in addition to other things, pay "any taxes to one or more counties, school districts or municipalities of the State of Arkansas on either real or personal property used or intended to be used in performance of or in connection with construction contracts . . ."

When Appellant submitted a bid on Job No. 2660, it certified that it had paid Arkansas real or personal property tax in Chicot County. The tax records of Chicot County show that Appellant had never assessed such taxes until 1985. Appellant now contends that the payment of vehicle registration fees and motor fuel taxes under an agreement with the State of Mississippi, a portion of which is eventually paid to counties in Arkansas is sufficient payment to meet the requirement of Act 102 which provides that ". . . contractors . . . have paid any taxes to one (1) or more counties, [school districts or municipalities] of the State of Arkansas on either real or personal property used or intended to be used in performance of or in connection with construction contracts . . ."

We find that payment of taxes under the Arkansas Gross Receipts Act or the Arkansas Compensating Tax Act or other interstate tax agreements does not meet this requirement. Appellant certified at the time it placed the bid it had complied with this Act by paying taxes in Chicot County. It is now undisputed that no taxes were paid directly to Chicot County by Appellant. Obviously, the legislative intent in this instance was that payment of taxes be made directly to the county tax collector and not to a state agency which would ultimately remit a portion of taxes collected by the State of Arkansas to each county.

Appellant's third and final argument is that Act 102 is unconstitutional. Appellant contends that the equal protection

clause forbids invidious discrimination by an agency of government between United States citizens. They argue that 102 violates the Fourteenth Amendment to the United States Constitution because it affords unequal, and arbitrary treatment among contracting companies with competing bids for a particular job and it affords such treatment without a rational basis for doing so. Appellant and Appellee both contend that economic legislation such as the case at bar is subject to a rational basis test. Appellant relies primarily on *Rayco Construction Company, Inc.* v. *Vorsanger, supra,* which held that Act 264 of 1961, the predecessor to Act 102, was unconstitutional. Act 102 is substantially different from Act 264. Act 264 contained criminal sanctions and required prior performance of public contracts. *Rayco, supra,* held Act 264 of 1961 unconstitutional because it violated due process in providing for criminal sanctions. The Court in *Rayco, supra,* also stated that the Act violated the equal protection clause. There the Court stated:

> As to the property ownership and tax payment criteria, we will say first that it is highly questionable today whether a state can constitutionally differentiate between contractors on the basis of property ownership or tax payments. Certainly, such a differentiation can be upheld only by a showing of a sufficient state interest to justify it.

We find, as did the Court in *Rayco, supra,* that a state may validly differentiate between contractors provided it has a legitimate interest and the classification has some rational basis. Here, the State has an interest to provide safeguards and procedures where public funds are expended for highway purposes. Also, the State has an interest in granting a preference to those who contribute to the State's economy through construction activities within the State. The State has a legitimate and substantial interest in granting the preference and the criteria established in 102 are reasonable and non-discriminatory, thus providing a rational basis for this Act.

We affirm.

GEORGE ROSE SMITH, J., concurs.

PURTLE and HAYS, JJ., not participating.

GEORGE ROSE SMITH, Justice, concurring. The court's

opinion answers all the arguments presented by the appellant; so I agree that the judgment should be affirmed. Nevertheless, I have misgivings about whether Act 102 of 1977, Ark. Stat. Ann. §§ 14-614.2 *et seq.* (Repl. 1979), creating the 3% preference, applies to highway construction contracts entered into by the Highway Commission.

Act 102 states in its first sentence that it applies to "contracts covered by the provisions of Act 159 of 1949, as amended." Act 159 is compiled as Sections 14-611 to -614 of the statutes. It governs public contracts "for the making of major repairs or alterations, or for the erection of buildings or other structures, or for the making of other permanent improvements," where the estimated cost exceeds $10,000. Section 14-611. Section 3 of Act 159 goes into detail by providing that the general contractor shall offer separate subcontracts for the plumbing, heating, ventilating, air conditioning, electric wiring, and roofing and sheet metal work. Section 41-613. As I read Act 159, it applies only to public contracts for the erection or repair of buildings and similar improvements, not to the construction of highways. Consequently, since the preference statute applies only to Act 159 contracts, it does not apply to the contract involved in this case.

This contract, as prepared by the Highway Commission, did provide that the contract awarded would be governed by the preference statute. The Commission, however, is required to let the contract to the lowest responsible bidder. It cannot change the law by voluntarily subordinating its contracts to the preference statute, even under the misapprehension that it is required to do so.

I write this concurrence because if there is an omission in the statutes that needs to be corrected, the legislature may want to make an appropriate amendment. In any event, the point is likely to arise again and perhaps should be taken into account by the Highway Commission and those bidding for its contracts.