

# THE ATTORNEY GENERAL
## OF TEXAS

May 28, 1987

JIM MATTOX
ATTORNEY GENERAL

Mr. R. E. Stotzer, Jr.  
Engineer-Director  
State Department of Highways  
  and Public Transportation  
Dewitt C. Greer Highway Bldg.  
11th and Brazos Streets  
Austin, Texas   78701

Opinion No.  JM-712

Re:  Applicability of the out-of-state bidder provisions of article 601g, V.T.C.S., to an Arkansas statute which gives preference to certain bidders on highway construction projects

Dear Mr. Stotzer:

You have submitted the following facts.  In the course of awarding contracts for highway projects during the month of April, 1987, the State Department of Highways and Public Transportation (hereinafter the department) received bids for a particular project, the lowest of which was submitted by an Arkansas firm.  Contracts for highway improvements must generally be awarded through a competitive bidding process to the lowest bidder.  V.T.C.S. arts. 6674h; 6674i. Article 601g, V.T.C.S., however, creates a limited exception to this procedure for contracts which do not involve federal funds.  Attorney General Opinion JM-484 (1986).  The latter statute provides the following in pertinent part:

> The state or a governmental agency of the state may not award a contract for general construction, improvements, services, or public works projects or purchases of supplies, materials, or equipment to a nonresident bidder unless the nonresident's bid is lower than the lowest bid submitted by a responsible Texas resident bidder by the same amount that a Texas resident bidder would be required to underbid a nonresident bidder to obtain a comparable contract in the state in which the nonresident's principal place of business is located.

V.T.C.S. art. 601g, §1(b).

The state of Arkansas has enacted a number of statutes which favor certain bids on state contracts over others.  The most relevant to this opinion are Arkansas Statutes sections 14-293 and 14-614.2. The first section establishes a preference for firms "resident in Arkansas":

>    Preference of Arkansas firms over non-resident
> firms in purchases under competitive bids.  All
> public agencies shall, in the purchase of commo-
> dities by competitive bidding, accept the lowest
> qualified bid from a firm resident in Arkansas,
> provided that said bid does not exceed the lowest
> qualified bid from a non-resident firm by more
> than five percent (5%), and provided that one or
> more firms resident in Arkansas made written claim
> for a preference at the time the bids were sub-
> mitted.  In calculating the preference to be
> allowed, the appropriate purchasing officials
> pursuant to Act 482 of 1979 shall take the amount
> of each bid of the Arkansas dealers who claimed
> the preference and deduct five percent (5%) from
> its total.  If after making such deduction, the
> bid of any Arkansas bidder claiming the preference
> is lower than the bid of the non-resident firm,
> then the award shall be made to the Arkansas firm
> which submitted the lowest bid regardless of
> whether that particular Arkansas firm claimed the
> preference.
>
>    The preference provided herein shall be
> applicable only in comparing bids where one or
> more bids are by a firm resident in Arkansas and
> the other bid or bids are by a non-resident firm,
> and shall· have no application with respect to
> competing bids if both bidders are firms resident
> in Arkansas as defined herein. . . .  (Emphasis
> added).

Ark. Stat. Ann. §14-293(b)(1979).  The term "commodities" is defined as "supplies, goods, material and equipment of every kind and character."  Id.  §14-293(A)(4).  Section 14-614.2 establishes a preference for certain bidders on contracts for the performance of services or construction of improvements:

>    Preference for certain bidders. -- In awarding
> contracts covered by the provisions of Act 159 of
> 1949, as amended, by Act 183 of 1957, bids of
> contractors who have satisfactorily performed
> prior contracts, and who have paid taxes for not
> less than two (2) successive years immediately
> prior to submitting a bid under The Arkansas
> Employment Security Act, and amendments thereto
> and either The Arkansas Gross Receipts Act and
> amendments thereto or The Arkansas Compensating
> Tax Act and amendments thereto, on any property
> used or intended to be used for or in construction
> or in connection with the contractors construction

business, and further within the two (2) year period have paid any taxes to one (1) or more counties [school districts, or municipalities] of the State of Arkansas on either real or personal property used or intended to be used in performance of or in connection with construction contracts, <u>shall be deemed a better bid than the bid of a competing contractor who has not paid such taxes, whenever the bid of the competing contractor is less than three percent (3%) lower, and the contractor making a bid as provided by this Act which is deemed the better bid, shall be awarded the contract.</u>  (Emphasis added).

The first provision applies strictly to contracts for the purchase of commodities, while the second applies to contracts which involve the construction of improvements and site preparation. See Op. Ark. Att'y Gen. No. 86-404 (1986). The general counsel to the department has informed us that the contract for which the Arkansas firm submitted the lowest bid is for the planing and asphalt paving of certain highways. The contract in question, if it were to be awarded in Arkansas, would therefore be subject to section 14-614.2. See APAC-Mississippi, Inc. v. Deep South Construction Co., Inc., 704 S.W.2d 620 (Ark. 1986) (§14-614.2 is applicable to contracts awarded by the Arkansas State Highway Commission). You ask whether the bidding preference established by Arkansas Statutes section 14-614.2 is within the purview of article 601g, V.T.C.S. That is, you ask whether the Arkansas statute requires a Texas bidder on an Arkansas highway construction contract to submit a bid at least three percent lower than the lowest bid submitted by an Arkansas bidder, thereby imposing the same requirement via article 601g on the Arkansas firm bidding on the Texas contract. Based on our review of the relevant Arkansas authorities, we conclude that the Arkansas provision does not establish a preference for Arkansas contractors over Texas contractors based solely upon the residence of the contractor. Therefore, the Arkansas provision does not trigger the article 601g preference for Texas bidders over nonresident bidders.

Article 601g, V.T.C.S., was enacted in 1985 by the Sixty-ninth Legislature. Acts 1985, 69th Leg., ch. 83, at 499. The act was motivated by statutes in other states, including Arkansas, which require out-of-state contractors to submit bids on state contracts which are lower by a stated percentage than bids submitted by resident contractors in order to be considered for the contract. Bill Analysis to H.B. No. 620, 69th Leg. (1985), prepared for House Committee on Business and Commerce, filed in Bill File to H.B. No. 620, Legislative Reference Library. The purpose of the act is to

establish a reciprocity requirement in the award of state contracts so that bidders from other states would face the same underbid requirement

> in Texas contracts that Texas bidders would
> experience when bidding on comparable contracts in
> those states.

Id.

The legislative history of article 601g was examined in Attorney General Opinion JM-696 (1987). There we concluded that

> the act is intended to impose on any out-of-state
> company seeking to bid on construction, supplies,
> or services contracts with a political subdivision
> in Texas the same burdens that are imposed, if
> any, upon Texas resident bidders by the state
> in which the nonresident's principal place of
> business is located. (Emphasis added).

Although no single member of the legislature can be heard to say what the meaning of a statute is, Commissioners' Court of El Paso County v. El Paso County Sheriff's Deputies Association, 620 S.W.2d 900 (Tex. Civ. App. - El Paso 1981, writ ref'd n.r.e.), we found the following testimony of the author of the bill containing article 601g instructive:

> In neighboring states like Louisiana, Arkansas,
> and New Mexico, there is a rule that says that any
> public work awarded in that state, if an out-of-
> state contractor like a contractor from Texas bids
> a project in that state, then the Texas bidder, in
> order to receive the contract, has to be five
> percent lower than the lowest bidder in that
> state. This is Arkansas, for instance. . . . If
> a state like Arkansas, New Mexico, Louisiana, New
> York, wherever, requires that an out-of-state
> contractor be lower by a certain amount in order
> to receive that bid, we will require those state
> contractors to do the same thing in Texas. . . .

Testimony of Rep. Mark Stiles on H.B. No. 602 before House Committee on Business and Commerce, 69th Leg., public hearing (Feb. 18, 1985) (transcript available from House Staff Services). In discussing the meaning of the phrase "comparable contract," further explanation was made of the apparent intention of the bill:

> [W]hat it means is that if in the state of
> Arkansas you have to be five percent lower than
> the lowest bid to receive a state highway project
> bid, that it would be the same thing here.
>
>        . . . .

> I think what it basically comes down to, if a government entity, if the state of Arkansas requires that on all municipal and state work that . . . the Texas contractor be five percent lower than the lowest [Arkansas resident contractor's] bid, that basically we'd do the same thing here. . . .

Id. It was further emphasized that the act would not establish a preference for Texas resident bidders over a nonresident contractor unless a preference for resident bidders was already in effect in the other state. Id. It becomes necessary, then, to examine Arkansas law -- specifically, Arkansas Statutes section 14-614.2 -- to determine whether the state of Arkansas imposes particular burdens on out-of-state contractors bidding on Arkansas state highway contracts that it does not impose on Arkansas firms solely on the basis of residence.

The preference for certain bidders provided in Arkansas Statutes section 14-614.2 does not hinge on the residence of the bidding contractor. Rather, Arkansas law gives preference to the bids of contractors who satisfy three requirements. First, the contractor must have "satisfactorily performed prior contracts," which is defined in section 14.614.6 to mean the contractor must have substantially completed performance of one or more contracts in the state of Arkansas within two years of the date the bids are to be submitted. Second, the contractor must have paid taxes for at least two successive years immediately prior to submitting the bid under (a) the Arkansas Employment Security Act, as amended (Ark. Stat. Ann. §§81-1101 -- 81-1108, 81-1111 -- 81-1121) and (b) either the Arkansas Gross Receipts Act, as amended (id. §§84-1901 -- 84-1904, 84-1906 -- 84-1919) or the Arkansas Compensating Tax Act, as amended (id. §§84-3101 -- 84-3128), on any property used or intended to be used for or in connection with the contractor's construction business. Third, the contractor must have paid taxes of any kind within the same two-year period directly to one or more Arkansas counties, municipalities, or school districts. See APAC-Mississippi, Inc. v. Deep South Construction Co., Inc., supra. The bid of a contractor who has paid such taxes "shall be deemed a better bid" than the bid of a contractor who has not paid such taxes and whose bid is less than three percent lower than the bid of the contractor claiming the statutory preference. In such cases, the contractor making the bid deemed "the better bid" shall be awarded the contract.

Section 14-614.2 was motivated by an interest to provide safeguards and procedures where public funds are expended and by an interest in granting a preference in the bidding process to those who contribute to the Arkansas economy through construction activities within the state. APAC-Mississippi, Inc. v. Deep South Construction Co., Inc., supra. It evidently was not motivated by an interest to favor Arkansas contractors in the awarding of construction contracts, although the three elements of section 14-614.2 do require the

contractor claiming the preference to have had previous business connections with the state. Conceivably, the preference established in section 14-614.2 could work in favor of a Texas contractor bidding against an Arkansas contractor who had not satisfactorily performed prior contracts in Arkansas or paid the designated taxes within the prescribed two-year period. Significantly, the Arkansas statute does not dictate that an Arkansas contractor be given preference over a nonresident contractor when both claim the preference. In such instances, the lowest "better bid" would be accepted. See, e.g., Op. Ark. Att'y Gen. No. 82-81 (1982). Finally, the statutory preference is unavailable when the bid of the contractor claiming the preference exceeds the competing contractor's bid by three percent or greater.

In contrast to Arkansas Statutes section 14-614.2 stands section 14-293, quoted earlier in this opinion. Section 14-293 plainly imposes a burden on nonresident contractors submitting bids on contracts for the purchase of commodities by Arkansas public agencies. It is only available in the event a nonresident firm and at least one Arkansas firm submit bids on the same contract. It requires the Arkansas public agency to accept the lowest bid submitted by an Arkansas firm if the adjusted bid of any Arkansas firm claiming the statutory preference is lower than the bid of the nonresident firm. Clearly, section 14-293 discriminates solely on the basis of residence and is the type of provision which article 601g, V.T.C.S., was intended to reciprocate. As we noted earlier, however, section 14-293 is not relevant to the contract offered by the department in this instance.

## S U M M A R Y

The provisions of Arkansas Statutes section 14-614.2, which establishes a preference for certain contractors submitting bids on certain contracts awarded by Arkansas public entities, do not trigger the bidding preference provided in article 601g, V.T.C.S. An Arkansas contractor submitting a bid on a highway construction contract awarded by the Texas Department of Highways and Public Transportation is not, therefore, subject to article 601g.

Very truly yours,

J I M   M A T T O X
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Rick Gilpin
Assistant Attorney General