**Paul BLANDFORD, Individually and d/b/a Paul Blandford Paint Company, Appellant,**

v.

**Joseph M. AYAD, Ph.D., Appellee.**

No. 07–93–0176–CV.

Court of Appeals of Texas, Amarillo.

March 21, 1994.

Templeton, Smithee, Hayes & Fields, Robert L. Templeton, Amarillo, for appellant.

Underwood, Wilson, Berry, Stein & Johnson, P.C., James A. Besselman and Kevin P. Parker, Amarillo, for appellee.

Before REYNOLDS, C.J., and BOYD and POFF, JJ.

REYNOLDS, Chief Justice.

Contending that he met the requirements for a new trial which was not granted, Paul Blandford, individually and d/b/a Paul Blandford Paint Company, perfected this appeal from the default judgment taken against him by Joseph M. Ayad, Ph.D. Determining that the evidence presented entitled Blandford to a new trial, we will reverse the default judgment and remand the cause.

Blandford agreed to paint and refurbish the fence surrounding, and certain exterior portions of, Ayad's house at a bid price of $19,963. In exchange for Blandford's work, Ayad agreed to forgive the $10,000 owed him for counseling services for Blandford's ex-wife, and to pay the remainder of the cost. For reasons not material to this opinion, Ayad refused to pay Blandford for the work done.

On 7 September 1990, Blandford brought suit against Ayad in County Court at Law No. 1 of Potter County, Texas, alleging a breach of contract and seeking recovery for the work done. That action and Ayad's ensuing counter-claim therein remain pending.

On 12 October 1990, Ayad filed the suit underlying this appeal in the 108th District

Court of Potter County, alleging violations of the Texas Deceptive Trade Practices–Consumer Protection Act,[1] and seeking damages for deficiencies in Blandford's work. Although Blandford and his attorney, Robert Templeton, were aware of the filing of the lawsuit,[2] they strategically determined Blandford would not file an answer until he was properly served with citation.

Blandford was not served with citation until 8 April 1993. Blandford testified that upon receiving the citation, he looked over the papers and then took them to Templeton's office. Although Blandford was unclear as to the day and to whom he delivered the papers, his testimony that he in fact delivered them to Templeton's office was uncontroverted. Templeton's receptionist-secretary who customarily receives documents that are hand-delivered to the office, and his secretary who manages Blandford's cause, attested that they have no recollection of having received the citation delivered by Blandford, and the citation has not been found in the office. Blandford testified that he did not deliver the papers to either of them, but left them with another girl in the office who inquired if she could help him.

At the time of service, and for several days thereafter, Templeton was suffering from severe medical problems, for which he was hospitalized, and was unable to be in his office and perform his legal duties efficiently. Due to unexplained happenings, characterized by Blandford and Templeton as an accident or a mistake, the service of citation Blandford delivered to Templeton's office was not seen by Templeton prior to the answer date.

In the time intervening before an answer to the lawsuit was due, Blandford called Templeton's office to inquire about the lawsuit and left at least two telephone messages for Templeton. The calls were not returned because, during Templeton's illness, Blandford also delivered to his office some papers relating to an automobile theft, and Templeton believed that was the subject matter of the telephone calls since the messages did not reflect a subject matter and Templeton had not seen the citation. Unaware that Blandford had been served with citation, Templeton did not file an answer on his behalf.

Based upon Blandford's failure to answer the lawsuit, Ayad moved for, and was granted, a default judgment. Upon learning of the judgment, Templeton timely filed a motion for new trial and an amended motion for new trial on Blandford's behalf.

Twenty-eight days following the rendition of the default judgment, the trial court heard evidence on Blandford's amended motion for new trial. With respect to the three elements Blandford was required to establish to merit a new trial, the parties agreed Blandford had established a meritorious defense and the granting of a new trial would not delay or otherwise work to injure Ayad, leaving for the court's determination only the first element whether Blandford's failure to answer was intentional or the result of conscious indifference. *Craddock v. Sunshine Bus Lines,* 134 Tex. 388, 133 S.W.2d 124, 126 (1939). Although the trial court announced that after a reading of the briefs and cases submitted by the parties, a ruling would be made by the end of the next week, no ruling had been made forty-seven days later when the amended motion for new trial was overruled by operation of law. Tex.R.Civ.P. 329b(c).

By a single point of error, Blandford contends the trial court erred in refusing to grant his motion for new trial. This is so, he proposes, because he met his requirements since the evidence was uncontroverted that his failure to answer was not intentional or the result of conscious indifference but was due to an accident or a mistake.

Not so, Ayad responds, because Blandford's affidavits were insufficient to establish the absence of conscious indifference, and Blandford's assertion that he was not consciously indifferent was controverted by evidence that he ignored demands and had suffered another default judgment, and by the inconsistencies shown by cross-examining

---

1. Tex.Bus. & Com.Code Ann. § 17.41 et seq. (Vernon 1987 & Supp.1994).

2. Templeton received a copy of the petition as a matter of courtesy.

Blandford and his witnesses. Ayad points out that upon cross-examination, Blandford became vague and inconsistent concerning the day he was served, by whom he was served, what day he went to Templeton's office, and to whom he delivered the papers. Ayad concludes that the testimony was so contradictory that it enabled the trial court to exercise its power to determine that Blandford's evidence was not credible, to find that he had failed to establish the absence of conscious indifference, and to exercise its discretion to deny a new trial by allowing the motion to be overruled by operation of law.

 Although the discretionary ruling of the trial court on a motion for new trial will not be disturbed on appeal absent a showing of abuse of discretion, *Strackbein v. Prewitt*, 671 S.W.2d 37, 38 (Tex.1984), we will not presume from an orderless, and otherwise silent record that the trial court judged the credibility of the witnesses, and then exercised its discretion to deny a motion for new trial by allowing it to be overruled by operation of law. Instead, we will review the record to determine whether a mistake of law was made in permitting the motion to be overruled by operation of law. *Id.* at 39.

Reiterated, the issue before the trial court was, and before us is, whether Blandford's failure to answer was intentional or the result of conscious indifference, not whether there was a real excuse for not answering. *Craddock v. Sunshine Bus Lines*, 133 S.W.2d at 125. The issue is determined by the knowledge and acts of Blandford. *Strackbein v. Prewitt*, 671 S.W.2d at 39.

The evidence that the persons in Templeton's office who would customarily receive and, in this instance, manage Blandford's hand-delivered citation had no knowledge of the citation, and that the citation was not located in the office, created the presumption that Blandford did not deliver the citation. However, Blandford's evidence that he took the papers to Templeton's office, hand-delivered them to another person in the office, and later inquired about them, albeit equivocal, destroyed the presumption. *Sudduth v. Commonwealth County Mutual Ins. Co.*, 454 S.W.2d 196, 198 (Tex.1970). Even though the evidence upon which the presumption of nondelivery rested remained in evidence, *id.*, it was insufficient to negate the evidence of hand-delivery of the citation to another person in the office, Blandford's calls of inquiry, and the circumstances of mistake leading to Templeton's failure to return the calls.

Given this state of the record, Blandford met the requirement of showing that his failure to answer the citation was not intentional or the result of conscious indifference. Accordingly, the failure to grant his amended motion for new trial was a mistake of law in not adhering to the *Craddock* requirements. Blandford's point of error is sustained.

The default judgment is reversed and the cause is remanded to the trial court.