VERNON E. FAULCONER, INC., and Vernon E. Faulconer, Appellants,

v.

HFI LIMITED PARTNERSHIP, The Estate of Raymond H. Hedge, Sr., and The Estate of Virginia Mims Hedge, Appellees.

No. 12–97–00072–CV.

Court of Appeals of Texas, Tyler.

Jan. 30, 1998.

Rehearing Overruled March 13, 1998.

---

Deborah J. Race, Otis Carroll, Tyler, for appellants.

L. Brent Farney, Lufkin, Woodrow M. Roark, Tyler, for appellees.

Before HOLCOMB and HADDEN, JJ.

HOLCOMB, Justice.

Vernon E. Faulconer, Inc. and Vernon E. Faulconer (collectively referred to as "Faulconer") appeal from a final judgment confirming an arbitration award in favor of HFI Limited Partnership, The Estate of Raymond H. Hedge, Sr., and the Estate of Virginia Mims Hedge (collectively referred to as "HFI"). In two points of error, Faulconer alleges that the trial court erred in allowing its motion for new trial to be overruled by operation of law, and in denying its motion to vacate, correct or modify the award. HFI counterclaims for sanctions under TEX.R.APP. P. 84, which we will deny. We will affirm the trial court's judgment.

Although Faulconer does not assert insufficiency of the evidence, a brief review of the facts is necessary to better understand the issues. Faulconer and HFI entered into a joint operating agreement dealing with the operation of certain oil and gas wells in the Reddell Field in Louisiana. Many years later, HFI discovered that Faulconer had installed a cryogenic plant in the Reddell Field. The use of this system affected the amount of natural gas for which HFI was paid.

When HFI demanded an accounting, Faulconer stopped marketing HFI's gas and escrowed certain payments pending resolution of the dispute.

HFI filed suit and Faulconer counterclaimed. After three years of litigation, the court ordered the parties to arbitrate some of the causes of action. Before arbitration began, the parties agreed to arbitrate all issues among all parties. After several days of testimony, the arbitration panel unanimously awarded HFI "the total amount held in escrow or suspense [$292,221.00], in addition to the sum of $1,536,406.33," for a total of $1,828,627.33. After the panel mailed notice of the award to all parties, HFI filed a motion to confirm the award and for entry of judgment with the trial court. In response to the motion to confirm, Faulconer moved to vacate or in the alternative, correct or modify the award. The court heard both motions and signed the judgment "with the stipulation of 30 days before it can be operated on." The court made an oral pronouncement that Faulconer could go back to the arbitrators with its complaints. Faulconer filed a motion with the arbitration panel for rehearing, which the panel declined.

Faulconer filed a motion for new trial complaining that the panel refused its motion for rehearing even though the court orally pronounced that it could do so. Faulconer attached the denial letter from the arbitrators and tendered a statement of facts from the hearing on the motion to confirm the award. The motion for new trial was overruled by operation of law. Faulconer maintains that the motion for new trial was "considered" by the judge, but HFI asserts that there was no hearing.

In its first point of error, Faulconer asserts that the trial court erred when it failed to act on its motion for new trial and allowed it to be overruled by operation of law. We disagree. When a motion for new trial is utilized by a party simply to preserve certain issues for appellate review, such as insufficiency of the evidence, it is not necessary that the party filing the motion bring

the motion to the trial court's attention.[1] "[W]hen a motion for new trial requires the exercise of discretion, [however], the judge must have an opportunity to exercise his discretion before that discretion can be abused."[2] In the case before us, Faulconer requested a new trial on the basis that the court had given it thirty days to bring its complaints before the arbitration panel, but the panel declined to hear any additional evidence. The panel cited the fact that the trial court had signed the judgment and had not issued an order for rehearing as the reason for its denial. In order to find that the trial court abused its discretion by allowing the motion to be overruled by operation of law, we must first conclude that Faulconer gave the court the opportunity to exercise its discretion. We could find that the court abused its discretion if Faulconer, though diligent, was unable to obtain a hearing within the time allowed by the Rules or if, after hearing the motion, the judge failed to rule on the motion within that time.[3] Neither of these scenarios apply to this case. After an extensive search of the record, we are unable to locate any evidence that Faulconer ever requested a hearing on the matter. We conclude that the trial court did not abuse its discretion in failing to grant the motion for new trial when Faulconer failed to present its motion to the trial court for action.

Faulconer, in the alternative, argues that when a motion for new trial is overruled by operation of law, it cannot be presumed that the trial court even exercised its discretion. The standard of review, therefore, is whether the court made a mistake of law when it permitted the motion to be overruled by operation of law.[4] Although we do not agree with this premise, we hold that even if an abuse of discretion standard does not apply in this case, the trial court nevertheless did not err in failing to grant Faulconer's motion for new trial. The only justification for granting a new trial would have been the presence of one or more of the statutory grounds for vacating, modifying or correcting an arbitration award. As we will illustrate in our discussion of Faulconer's second point of error, there was no legitimate basis for vacating, modifying or correcting the award. The court's "denial" of the motion for new trial was, therefore, not a mistake of law. Point of error one is overruled.

■ In point of error two, Faulconer asserts that the trial court erred when it denied its motion to vacate, or in the alternative, correct or modify the arbitration award. Review of arbitration awards is de novo[5] and is extraordinarily narrow.[6] Review is so limited that an arbitration award may not be vacated even if there is a mistake of fact or law.[7] Grounds for vacating, modifying or correcting an arbitration award are expressly limited by statute. Texas law provides that an arbitration award may be vacated only where: 1) the award was procured by corruption, fraud or undue means; 2) there was an evident partiality or corruption of an arbitrator; 3) the arbitrators exceeded their powers; 4) the arbitrators refused to postpone a hearing; or 5) there was no agreement to arbitrate. TEX. CIV. PRAC. & REM. CODE ANN. § 171.014(a) (Vernon Supp.1997). Review relevant to the appropriateness of modification or correction of an award is limited to whether there was 1) an evident miscalculation of figures; 2) an award was made on a matter not submitted to the panel; or 3) the form of the award is imperfect. TEX. CIV. PRAC. & REM.CODE ANN. § 171.015(a) (Vernon Supp.1997). Faulconer raised no basis for vacating the award; and

1. *Fluty v. Simmons Co.*, 835 S.W.2d 664, 666–67 (Tex.App.—Dallas 1992, no writ); *Shamrock Roofing Supply, Inc. v. Mercantile Nat'l Bank at Dallas*, 703 S.W.2d 356, 357–58 (Tex.App.—Dallas 1985, no writ).

2. *Shamrock*, 703 S.W.2d at 358.

3. *See Id.*

4. *Citing Blandford v. Ayad*, 875 S.W.2d 12, 14 (Tex.App.—Amarillo 1994, no writ).

5. *McIlroy v. PaineWebber, Inc.*, 989 F.2d 817, 819 (5th Cir.1993).

6. *Gateway Tech., Inc. v. MCI Telecommunications Corp.*, 64 F.3d 993, 996 (5th Cir.1995).

7. *Jamison & Harris v. National Loan Investors*, 939 S.W.2d 735, 737 (Tex.App.—Houston [14th Dist.] 1997, writ denied).

it only presented "evident miscalculation of figures" as a statute-based reason to modify or correct the award.

A court may not overturn an award based upon "evident miscalculation of figures" unless the mistake is clear, concise and conclusive from the record.[8] "Miscalculation" implies inadvertence or an error caused by oversight.[9] If the amount of the award is rationally inferable from the facts before the arbitrator, there is no evident miscalculation of figures.[10] Furthermore, if the amount of the award falls within the range established by the testimony, we should not disturb the award on that basis.[11] A claimant's dissatisfaction with the amount of an award will not support a judicial modification of that award.[12]

Faulconer contends that the amount awarded was not reduced by an amount held in escrow for HFI, and this was an obvious miscalculation of figures. In support of his position, he quotes one of the arbitrators as saying, "In other words, if you release the suspense, then there has to be a subtraction." Faulconer also argues that it is unclear exactly what damage calculation the arbitrators used, "but it appears that they carried HFI through the plant because the total amount of the award is closer to the total that would be due if you carried HFI through the plant." Faulconer disagrees that HFI should have been awarded damages through the plant, thus the "evident miscalculation." In reviewing the record, we conclude that the arbitrator made the above-quoted statement after Faulconer's witness testified that if the amount in the escrow account was released to HFI, it should be reduced by $72,000.00.

The arbitrator was simply clarifying the witness' point. We also note that during the arbitration hearing, Faulconer's own in-house accountant testified that damages ranged from $1,515,911.10 (from the wellhead) to $1,933,021.76 (through the plant). Because Faulconer is unable to demonstrate an error in the award calculation, and because the final award of $1,828,627.33 is within the range established by Faulconer's own testimony, we hold that there was no evident miscalculation of figures. We overrule point of error two.

HFI requests that this court impose damages against Faulconer pursuant to Tex.R.App. P. 84 (Tex. Sup.Ct., Tex.Crim. App.1986, amended 1997). It maintains that Faulconer's appeal was frivolous, and that we should award HFI an additional ten percent in damages. A party's right to an appeal is a sacred and valuable right.[13] Delay damages should be "applied with prudence, caution and after careful deliberation." [14] In determining whether to award delay damages, we review the record from Faulconer's point of view at the time it appealed to decide if reasonable grounds existed for its belief that the case should be reversed.[15] We assess damages only if the likelihood of a favorable result was so improbable that this appeal was taken only for delay and without sufficient cause.[16] We consider whether Faulconer: 1) moved for a new trial, if necessary; 2) filed a record appropriate to the appeal; 3) prosecuted the appeal in good faith by raising well-researched, arguable points of error; 4) appeared at oral argument; and 5) filed a supersedeas bond.[17]

8. *City of Baytown v. C.L. Winter, Inc.*, 886 S.W.2d 515, 519 (Tex.App.—Houston [1st Dist.] 1994, writ denied).

9. *Riha v. Smulcer*, 843 S.W.2d 289, 293 (Tex. App.—Houston [14th Dist.] 1992, writ denied).

10. *Babcock & Wilcox Co. v. PMAC, Ltd.*, 863 S.W.2d 225, 235 (Tex.App.—Houston [14th Dist.] 1993, writ denied).

11. *Id.*

12. *Id.*

13. *Masterson v. Hogue*, 842 S.W.2d 696, 699 (Tex.App.—Tyler 1992, no writ).

14. *Loyd Electric Co., Inc. v. Millett*, 767 S.W.2d 476, 484 (Tex.App.—San Antonio 1989, no writ).

15. *See Daniel v. Esmaili*, 761 S.W.2d 827, 830 (Tex.App.—Dallas 1988, no writ); *Mid–Continent Casualty Co. v. Whatley*, 742 S.W.2d 475, 479 (Tex.App.—Dallas 1987, no writ).

16. *Daniel*, 761 S.W.2d at 830.

17. *Id.*

■ Faulconer did move for a new trial, although it did not seek a hearing. It filed a complete appellate record and its brief presented at least one arguable point of error that cited appropriate authority in support of its position. Faulconer appeared for oral argument and filed a supersedeas bond. We cannot say that the likelihood of a favorable result for Faulconer was so improbable that it took this appeal for delay and without sufficient cause. We therefore deny HFI's request for delay damages.

We *affirm* the trial court's judgment.

RAMEY, C.J., not participating.