**Affirmed and Memorandum Opinion filed May 28, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-14-00744-CV

**MEGA BUILDERS, INC. D/B/A MEGA & ASSOCIATES, Appellant**

**V.**

**PARAMOUNT STORES, INC., Appellee**

**On Appeal from the 127th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2009-65488**

## M E M O R A N D U M   O P I N I O N

Appellant Mega Builders, Inc. d/b/a Mega & Associates ("Mega Builders") and appellee Paramount Stores, Inc. ("Paramount") participated in an arbitration of a dispute over the construction of a convenience store and gas station. After an arbitration award was issued, Mega Builders twice moved to modify the award in the trial court. The trial court denied Mega Builders's first motion to modify and implicitly denied the second motion by signing an order confirming the arbitration

award without substantive modification. On appeal, Mega Builders contends that the trial court erred by failing to modify the arbitration award to correct the arbitrator's calculation of amounts owed by Paramount, the application of an incorrect pre-judgment interest rate, and the denial of attorney's fees. We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

The appellate record in this case does not include the construction contract containing the arbitration agreement between Mega Builders and Paramount. It also does not include a transcript of the arbitration proceedings or any evidence that may have been submitted to the arbitrator in support of the parties' positions. We draw the background facts from the statement of facts in Mega Builders's appellate brief and the trial court filings as needed to place the issues in context.

Mega Builders, as general contractor, entered into a $1,340,00.00 construction contract for a convenience store and gas station with Paramount, the property owner. When Mega Builder sought payment of its last draws and change orders, Paramount disputed some of the charges and refused to pay them. In 2009, Mega Builders sued Paramount and its construction lender, seeking damages based on breach of contract and tort theories. Mega Builders also sought to establish and foreclose a mechanic's lien under the Texas Property Code chapter 53 or, alternatively, a constitutional lien.

Paramount filed an answer and a counterclaim for breach of contract. Paramount alleged that Mega Builders failed to complete the project timely and in accordance with the contract, and that Paramount had incurred costs and was forced to retain the services of another construction company to remediate defective work and complete the project.

Rather than proceed to trial, the parties' competing claims were arbitrated

through the American Arbitration Association ("AAA") before a single arbitrator. On February 14, 2014, the arbitrator issued an award providing that Paramount was to pay Mega Builders $12,617.44, plus pre-judgment interest at 5% per annum, totaling $15,463.35. The award also established that Mega Builders had a valid and enforceable mechanic's lien in the amounts awarded to it. The arbitrator did not award attorney's fees to either party. Mega Builders moved to modify the award, and on March 21, 2014, the arbitrator issued an amended award, but did not change the amounts awarded. Mega Builders again moved to modify the award, but the amended award was not changed.

In the trial court, Mega Builders filed a motion to modify the arbitration award under section 171.091 of the Texas General Arbitration Act ("TGAA").[1] *See* Tex. Civ. Prac. & Rem. Code § 171.091. The trial court denied Mega Builders's motion on June 13, 2014. Mega Builders filed a second motion to modify the award, but the trial court again declined to modify the award, instead confirming the arbitration award against Paramount by an order signed August 28, 2014.

### ISSUES AND ANALYSIS

Texas law favors arbitration of disputes. *See Prudential Sec. Inc. v. Marshall*, 909 S.W.2d 896, 898 (Tex. 1995) (per curiam); *Baker Hughes Oilfield Operations, Inc. v. Hennig Prod. Co., Inc.*, 164 S.W.3d 438, 442 (Tex. App.—Houston [14th Dist.] 2005, no pet.). An arbitration award is entitled to the force and respect of a judgment, and every reasonable presumption must be indulged in favor of the award. *See CVN Group, Inc. v. Delgado*, 95 S.W.3d 234, 238 (Tex.

---

[1] Because the parties' arbitration agreement is not made part of our record, we do not know whether the arbitration is governed by the Federal Arbitration Act ("FAA") or the TGAA. However, Mega Builders alleges that the TGAA governs, and Paramount does not challenge this assertion; therefore, we will review Mega Builders's issues under the TGAA.

2002); *Baker Hughes*, 164 S.W.3d at 442. A mere mistake of fact or law alone is insufficient to set aside an arbitration award. *Baker Hughes*, 164 S.W.3d at 442; *Anzilotti v. Gene D. Liggin, Inc.*, 899 S.W.2d 264, 266 (Tex. App.—Houston [14th Dist.] 1995, no writ.).

Under the TGAA, a trial court shall confirm an arbitration award unless grounds are offered for vacating, modifying, or correcting the award under section 171.088 or 171.091 of the TGAA. *See* Tex. Civ. Prac. & Rem. Code § 171.087. Section 171.091 of the TGAA provides in relevant part:

> (a) On application, the court shall modify or correct an award if:
>
> (1) the award contains:
>
> (A) an evident miscalculation of numbers; or
>
> (B) an evident mistake in the description of a person, thing, or property referred to in the award;
>
> (2) the arbitrators have made an award with respect to a matter not submitted to them and the award may be corrected without affecting the merits of the decision made with respect to the issues that were submitted; or
>
> (3) the form of the award is imperfect in a manner not affecting the merits of the controversy.

*Id.* § 171.091(a).

The party seeking to modify an arbitrator's award bears the burden to bring forth a complete record that establishes the basis for relief. *Anzilotti*, 899 S.W.2d at 267 (citing *Kline v. O'Quinn*, 874 S.W.2d 776, 790 (Tex. App.—Houston [14th Dist.] 1994, writ denied)). Absent a record, we are to presume that adequate evidence was presented to support the arbitrator's award. *Jamison & Harris v. Nat'l Loan Investors*, 939 S.W.2d 735, 737 (Tex. App.—Houston [14th Dist.] 1997, writ denied); *Anzilotti*, 899 S.W.2d at 267.

**Issue One**

In its first issue, Mega Builders alleges that the arbitrator made an evident mistake by giving Paramount a credit against its debt to Mega Builders for sums Mega Builders owed to Texas Concrete Enterprises, Mega Builders's concrete supplier.[2] The amended award shows that, in a column titled "Claimed Change Orders," the arbitrator refused to adjust the original contract amount upward to include a change order for "Additional Concrete Paving." Separately, the arbitrator credited Paramount $15,659.14 for "Denial of Claim of Texas Concrete Enterprises." Mega Builders contends that Texas Concrete's claim made up the change order or "extra" that Mega Builders sought from Paramount. According to Mega Builders, "[d]ouble counting the sum denied to Mega as an extra but including it as a sum as if paid by Paramount is such an evident mistake" that must be judicially corrected. *See* Tex. Civ. Prac. & Rem. Code § 171.091(a)(1).

In response to Mega Builders's motions, Paramount argued that the denial of Mega Builders's claim for the extra concrete was proper based on Google Earth satellite photos showing that the extra concrete did not exist post-construction in the areas claimed by Mega Builders. Paramount also argued that the credit awarded to it was proper because Texas Concrete abandoned its claim in the arbitration proceeding. Additionally, Paramount asserted that Mega Builders had sought a larger arbitration award by artificially increasing its contract price by the amount of the disallowed Mega Builders "extra concrete" change order and the balance of the Texas Concrete claim that was not pursued.

---

[2] The record reflects that Texas Concrete separately sued Mega Builders in a county court of law. After the amended arbitration award was issued, Texas Concrete entered into a Rule 11 settlement agreement in which Mega Builders agreed to pay Texas Concrete $15,750.00. There is no indication in the record that the arbitrator was aware of or considered Texas Concrete's suit against Mega Builders during the pendency of the arbitration proceedings.

An evident miscalculation of figures must be clear, concise, and conclusive from the record. *Vernon E. Faulconer, Inc. v. HFI Ltd. P'ship*, 970 S.W.2d 36, 40 (Tex. App.—Tyler 1998, no pet.); *Riha v. Smulcer*, 843 S.W.2d 289, 293 (Tex. App.—Houston [14th Dist.] 1992, writ denied). "Miscalculation" implies inadvertence or an error caused by oversight. *Vernon E. Faulconer*, 970 S.W.2d at 40. If the amount of the award is rationally inferable from the facts before the arbitrator, there is no evident miscalculation. *Id*. Thus, for example, an evident miscalculation of figures would be present if the arbitrator had clearly shown the total amount of credits to be subtracted from the award and then awarded a different amount to Mega Builders because of a math error. *See Riha*, 843 S.W.2d at 293. Mega Builders claims this is such a case.

In this case, the face of the amended arbitration award does not reflect an obvious mathematical miscalculation that is "clear, concise and conclusive from the record." *Vernon E. Faulconer, Inc.*, 970 S.W.2d at 40; *Riha*, 843 S.W.2d at 293. And because we have no record of the arbitration proceedings, we cannot determine whether the two entries constitute a double counting, as Mega Builders alleges, or whether the two entries were intentionally included in the calculation of the award based on the evidence submitted to the arbitrator, as Paramount argues. Absent a record, we must presume that the record supports the arbitrator's determination of the proper amount of the award. *See Anzilotti*, 899 S.W.2d at 267; *Kline*, 874 S.W.2d at 783; *see also Long Lake, Ltd. v. Heinsohn*, No. 14-09-00613-CV, 2010 WL 1379979, at *2 (Tex. App.—Houston [14th Dist.] Apr. 8, 2010, no pet.) (mem. op.) (holding that contractor's claims that arbitrator relabeled damages as other types of awards could not be evaluated in absence of a complete record of the arbitration). We overrule Mega Builders's first issue.

6

**Issue Two**

In its second issue, Mega Builders contends that the arbitrator exceeded her authority by disregarding the pre-judgment interest rate provided by the parties' agreement and by statute. *See* Tex. Civ. Prac. & Rem. Code § 171.091(a)(2). Mega Builders also contends that this court may correct the pre-judgment interest rate as a modification of form not affecting the merits of the award. *See id.* § 171.091(a)(3). Alternatively, Mega Builders contends the award may be corrected as a "gross mistake." *See Anzilotti*, 899 S.W.2d at 266.

The scope of the arbitrator's authority depends on the arbitration agreement. *Allstyle Coil Co., L.P. v. Carreon*, 295 S.W.3d 42, 44 (Tex. App.—Houston [1st Dist.] 2009, no pet.). An arbitrator exceeds her authority when she disregards the contract and dispenses her own idea of justice. *D.R. Horton-Tex., Ltd. v. Bernhard*, 423 S.W.3d 532, 534 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). However, an arbitrator does not exceed her authority simply because she may have misinterpreted the contract or misapplied the law. *Id.*; *Anzilotti*, 899 S.W.2d at 266. Thus, the appropriate inquiry is not whether the arbitrator decided an issue correctly, but whether she had the authority to decide the issue at all. *Bernhard*, 423 S.W.3d at 534.

Mega Builders contends that the construction contract contained an interest rate agreed to by the parties and, in addition, a statutory rate is applicable to overdue sums in construction transactions. In both instances, Mega Builders argues that this rate is 1½ percent. In the amended arbitration agreement, the arbitrator addressed Mega Builders's complaint as follows:

> Interest has been accruing on said $12,617.44 since July 1, 2009 at the pre-judgment interest rate of 5% per annum. . . . The Arbitrator finds that Paragraph 4.1.3 of the construction contract between [Paramount] and [Mega Builders] . . . fails to state an interest rate. It states 1½ %,

7

which is not an interest rate. It is a percentage. In order to express an interest rate, additional information is needed, for example, per month, per quarter, per annum.

On appeal, Mega Builders argues that not only did the arbitrator incorrectly disregard the contract interest rate of 1½ percent, the missing information needed to correctly apply the rate "is easily determined by simple reference to the property code section that corresponds with that rate." *See* Tex. Prop. Code § 28.004(b) (Prompt Payment Act authorizes pre-judgment interest at the rate of 1½ percent per month on overdue payments from owner to contractor or subcontractor).

Although Mega Builders argues that the arbitrator exceeded her authority by disregarding the contract, Mega Builders's argument acknowledges that the arbitrator was empowered to award pre-judgment interest. The amended arbitration award reflects that the arbitrator reviewed the contract to determine whether it expressed an applicable rate and determined that it did not. Whether the arbitrator misinterpreted the contract or misapplied the law does not mean that she exceeded her authority. *See Bernhard*, 423 S.W.3d at 534; *Anzilotti*, 899 S.W.2d at 266. Moreover, because the appellate record does not include either a copy of the arbitration agreement or a record of the arbitration, Mega Builders cannot show that the arbitrator exceeded her authority. *See Carreon*, 295 S.W.3d at 44. We overrule Mega Builders's second issue.

**Issue Three**

In its third issue, Mega Builders contends that the arbitrator exceeded her authority by denying attorney's fees to the prevailing party. Mega Builders argues that the TGAA not only authorizes an attorney's fee award in this case, it requires an award. *See* Tex. Civ. Prac. & Rem. Code § 171.048.[3]

_____

[3] Section 171.048 provides in relevant part:

Mega Builders argues that it is entitled to an attorney's fee award for three reasons. First, Mega Builders asserts that it is entitled to attorney's fees because the parties' construction contract provided for attorney's fees to a prevailing party. As noted above, however, we are unable review the parties' construction contract to determine whether and on what basis it provided for an award of attorney's fees because it is not included in our record. Second, Mega Builders asserts that both parties sought attorney's fees under their competing breach of contract claims pursuant to chapter 38 of the Texas Civil Practice and Remedies Code. Despite this assertion, Mega Builders concedes that the trial court was not authorized to modify the arbitrator's denial of statutory attorney's fees for breach of contract, citing *Hill Int'l, Inc. v. Riverside Gen. Hosp., Inc.*, No. 01-14-00038-CV, 2014 WL 2433131, at *3 (Tex. App.—Houston [1st Dist.] May 29, 2014, no pet.) (mem. op.) ("[T]he arbitrator's decision to deny any award of attorney's fees under section 38.001 of the Civil Practice and Remedies Code is a determination left to the purview of the arbitrator and not reviewable on appeal absent a showing of bad faith or a failure to exercise honest judgment."). Mega Builders does not contend that the arbitrator acted in bad faith or failed to exercise honest judgment. Thus, Mega Builders cannot prevail on its first two arguments.

Mega Builders's third and primary argument is that the parties stipulated to the basis for an award of attorney's fees and the amount to be awarded, and the arbitrator was required to implement that agreement. Specifically, Mega Builders

---

The arbitrators shall award attorney's fees as additional sums required to be paid under the award only if the fees are provided for:

    (1)     in the agreement to arbitrate; or

    (2)     by law for a recovery in a civil action in the district court on a cause of action on which any part of the award is based.

Tex. Civ. Prac. & Rem. Code § 171.048(c).

9

contends that under the parties' agreement, the arbitrator merely had authority to decide the contractual claims, and then "the prevailing party recovering a material sum" would recover attorney's fees at the agreed amount of $60,000.00. Thus, Mega Builders asserts, the agreement left no discretion to the arbitrator because the arbitrator's disposition of claims would naturally reveal a prevailing party, which was Mega Builders.

Our record does not include the parties' stipulation, but the amended arbitration award included a section addressing the stipulation as follows:

> At the hearing, the parties stipulated that attorneys' fees in the amount of $60,000 would be awarded to either [Mega Builders] or [Paramount], if such party awarded attorneys' fees is a prevailing party who is awarded a material sum in this Award.

> The Arbitrator finds that [Mega Builders] has not been awarded a material sum in this Award, particularly in light of the Arbitrator's determination under Section III above that the $15,000.00 waived by Geo Environmental Consultants, Inc.'s [sic] in settlement of its subcontract balance should accrue solely to [Mega Builders].[4]

> Accordingly, no attorneys' fees are awarded to any party in this proceeding.

The arbitrator's award reflects that the parties' stipulation was that $60,000 in attorney's fees would be awarded to either Mega Builders or Paramount, whichever was a "prevailing party who is awarded a material sum" in the

---

[4] The amended arbitration award reflected that Paramount paid $100,000.00 of the contract price directly to Geo Environmental Consultants, Inc. Paramount also paid $25,000.00 in settlement of Geo Environmental Consultants, Inc.'s subcontract balance of $40,000.00. As to the latter payment, the arbitrator wrote:

> The Arbitrator has determined that the $15,000.00 waived by Geo Environmental Consultants, Inc. in the settlement of Geo Environmental Consultants, Inc.'s subcontract balance of $40,000.00 shall accrue solely to the benefit of [Mega Builders]. [Paramount] is credited with the amount actually paid by it to Geo Environmental Consultants, Inc.

arbitration award. Mega Builders acknowledges in its brief that the parties' stipulation required that the party entitled to attorney's fees must both (1) be a prevailing party and (2) be awarded a "material sum."

Mega Builders contends that it was the prevailing party because it was awarded $12,617.44, even though it should have been awarded $28,276 ($12,617 + $15,659) as argued in its first issue. Additionally, Mega Builders asserts that the arbitrator also disallowed a counterclaim by Paramount in which Paramount allegedly sought "hundreds of thousands of dollars" from Mega Builders, making Mega Builders a prevailing party by any standard. Finally, concerning the arbitrator's determination that the sum awarded was not material, Mega Builders argues that the arbitrator's "imperfect award" remains the only impediment to Mega Builders recovering an amount that would qualify as material.

As previously discussed, we have determined that the arbitrator did not make an evident mistake by failing to increase the award to Mega Builders by the amount of $15,659.14, which Mega Builders contends was erroneously credited to Paramount. And because we have no record of the arbitration proceedings, we are unable to determine what counterclaims or evidence the arbitrator considered in determining whether Mega Builders was a prevailing party. *See, e.g.*, *Anzilotti*, 899 S.W.2d at 267; *Kline*, 874 S.W.2d at 783.

Even assuming Mega Builders was a prevailing party, however, the arbitrator determined that Mega Builders was not entitled to the stipulated attorney's fees because it was not awarded a "material sum." The arbitrator reached this conclusion, despite the award to Mega Builders of $12,617.44 plus interest, because she determined that the benefit of Geo Environmental's waiver of $15,000.00 in its settlement with Paramount accrued solely to Mega Builders. Mega Builders does not argue that the arbitrator's assignment of the benefit of Geo

11

Environmental's settlement credit to Mega Builders was erroneous or improperly considered in determining whether Mega Builders's award was material. On its face, the arbitration award reflects that the arbitrator did exactly what Mega Builders requested she do: apply the parties' stipulated requirements when determining an award of attorney's fees. That the arbitrator did not reach the result Mega Builders would have preferred does not mean that she exceeded her authority. *See Bernhard*, 423 S.W.3d at 534; *Anzilotti*, 899 S.W.2d at 266.

On this record, we conclude that Mega Builders has failed to demonstrate that the arbitrator exceeded her authority by failing to award $60,000.00 in attorney's fees to Mega Builders. *See Cooper v. Bushong*, 10 S.W.3d 20, 26 (Tex. App.—Austin 1999, pet. denied) (when issue of attorney's fees was submitted to arbitrator, trial court was not permitted to second-guess arbitrator's decision to award no attorney's fees); *Babcock & Wilcox Co. v. PMAC, Ltd.*, 863 S.W.2d 225, 235–36 (Tex. App.—Houston [14th Dist.] 1993, writ denied) (trial court correctly denied request for attorney's fees related to confirmation of arbitration award under the FAA because the issue of attorney's fees had already been submitted to and decided by the arbitrator). We overrule Mega Builders's third issue.

## CONCLUSION

We overrule Mega Builders's issues and affirm the trial court's judgment confirming the arbitration award.


/s/ Ken Wise
   Justice


Panel consists of Justices Christopher, Brown, and Wise.

12