**Opinion issued March 10, 2022**



**In The**

# Court of Appeals

**For The**

# First District of Texas

————————————

**NO. 01-20-00430-CV**

————————————

**JEFF ZENG AND CHUAN HE, Appellants**

**V.**

**HAIYIN HUANG AND HANBIN LI, Appellees**

**On Appeal from the 333rd District Court**
**Harris County, Texas**
**Trial Court Case No. 2018-76958**

## MEMORANDUM OPINION

Appellants, Jeff Zeng and Chuan He, appeal from the trial court's denial of

their motion to confirm an arbitration award against appellees, Haiyin Huang and

Hanbin Li. *See* TEX. CIV. PRAC. & REM. CODE § 171.098(a)(3). We reverse the trial court's appealable order and render judgment confirming the arbitration award.

## BACKGROUND

### *The Dispute*

In 2015, appellants claimed that Haiyin Huang and Hanbin Li (collectively, "appellants"), and Hanbin Li's mother, Hong Li, defrauded them into investing substantial sums of money in a restaurant business, Tree Tree Grill House, Inc. Appellants sued appellees in the 234th District Court of Harris County, and they sued Hong Li and Tree Tree Grill House in the 133rd District Court. Because there was an arbitration agreement in the investment agreement, both the 133rd District Court and the 234th District Court ordered the parties to arbitration.

### *The 234th District Court Case is Dismissed*

While the dispute was in arbitration, the case against Huang and Li languished in the 234th District Court, and, on February 18, 2016, the court dismissed it for want of prosecution.

### *The Arbitration Award*

On June 29, 2018, the arbitrator entered the following award in appellants' favor:

> Respondents Huang, Hanbin Li, and Hong Li, jointly and severally, shall pay to Claimants Zeng and He the principal sum of One Hundred

2

Sixty-One Thousand Eighty-One and 56/100 Dollars ($161,081.56) for their breach of contract and fraud claims.

Respondents Huang and Hanbin Li, jointly and severally, shall pay to Claimants Zeng and He prejudgment interest on the principal sum at the rate of five percent (550 per annum from June 19, 2015 until the date this Award is paid or confirmed by a Court of competent jurisdiction.

Respondents Huang, Hanbin Li, and Hong Li, jointly and severally, shall pay to Claimants the sum of One Hundred Sixty-Six Thousand Fifty-Two and 50/100 Dollars ($166,052.50) as reasonable attorney's fees and costs incurred by Claimants to collect the sums due and enforce their rights and remedies under the arbitration agreement.

The administrative fees and expenses of the AAA totaling $7,500.00 and the compensation and expenses of the Arbitrator totaling $20,825.00 shall be borne as incurred.

Post judgment interest at the highest rate allowed by law shall accrue on the entire award beginning on the date this Award is confirmed by a Court of competent jurisdiction until paid.

The above sums shall be paid on or before thirty (30) days from the date of this Award.

This Award is in full settlement of all claims and counterclaims submitted to this Arbitration. All claims and counterclaims not expressly granted herein are hereby denied.

### The 133rd District Court Confirms the Arbitration Award

Because the case against Hong Li and the Tree Tree Grill House was still pending in the 133rd District Court, and the arbitration award remained unpaid, appellants filed an application in the 133rd District Court to confirm the arbitration award. Though the suit in the 133rd District Court was originally against Hong Li

3

and Tree Tree Grill only, on August 6, 2018, appellants filed a Second Amended Petition, in which they added appellees as defendants and sought confirmation of the arbitration award.

On September 10, 2018, the 133rd District Court entered an Order on Plaintiffs' Application for Confirmation of Arbitration Award, which provided as follows:

1. The Final Award of Arbitrator dated June 29, 2018, is hereby CONFIRMED;

2. Defendant/Respondent Hong Li shall pay directly to the attorneys for Plaintiff/Claimants attorneys' fees in the amount of $166,052.50.

3. Defendant/Respondent Hong Li shall pay directly to the attorneys for Plaintiffs/Claimants attorney's fees in the amount of $166,052.50.

On September 14, 2018, appellants non-suited Tree Tree Grill House as well as appellees, Huang and Hanbin Li.

On October 8, 2018, the 133rd District Court signed a Final Judgment incorporating the terms of its September 10, 2018 order as follows:

1. Defendant Hong Li shall pay to the Plaintiffs, Jeff Zeng and Chuan He, the amount of $161,081.56 for breach of contract and fraud; and

2. Defendant Hong Li shall pay directly to the attorneys for Plaintiffs attorneys' fees in the amount of $166,052.50.

3. Pre-judgment interest shall accrue at the rate of 5% per annum from June 19, 2015, until the date of this order; and post-judgment

4

interest shall accrue at the rate of 5% per annum on the entire award beginning on the date of this order until date paid.

4.  This judgment is final and disposes of all claims and all parties.

5.  The Court ORDERS execution to issue for this judgment.

Though the 133rd District Court confirmed the arbitration award in its entirety, the resulting judgment was only against Hong Li.

### *Appellants File Suit in the 333rd District Court*

On October 23, 2018, appellants filed suit against appellees in the 333rd District Court seeking to "confirm the arbitration award entered by arbitrator Lamar McCorkle on June 29, 2018, in favor of Plaintiffs and against Defendants, Haiyin Huang and Hanbin Li."

After obtaining substituted service of process on appellees, and there being no answer by appellees, on September 11, 2019, the trial court signed a default judgment against appellees. However, on October 17, 2019, the trial court granted appellees a new trial.

On March 6, 2020, appellants filed a Motion to Confirm Arbitrator's Award, "seek[ing] to have the Court confirm the arbitrator's award, and to turn it into a judgment." In their motion, appellants, as they argue on appeal, contended that (1) appellees' opposition to the confirmation was untimely, and (2) the confirmation of the arbitrator's award was ***not*** "something that can only happen once[.]" Indeed,

5

appellants argued that the trial court could do nothing but confirm the arbitrator's award.

Appellees filed a response to the motion to confirm, arguing (1) that only the 133rd District Court had jurisdiction to confirm the award because it had a pending case from the time arbitration was entered and that (2) "since Haiyin Huang, Hanbin Li and Hong Li are joint and severally liable to the plaintiff under the Final Arbitration Award, Haiyin Huang and Hanbin Li are compulsory parties to that cause of action so Plaintiffs should have included Haiyin Huang and Hanbin Li as parties to the confirmation of that arbitration award." Appellees requested that the trial court deny plaintiffs motion to confirm the arbitration award and grant their motion to dismiss the case for lack of jurisdiction.

On May 8, 2020, the trial court ordered that "plaintiffs' motion to confirm arbitration award was previously confirmed, therefore said motion shall be **DENIED**." The trial court did not grant appellees' motion to dismiss for want of jurisdiction.

This appeal followed.

**DENIAL OF MOTION TO CONFIRM ARBITRATION AWARD**

In three related issues on appeal, appellants contend that (1) appellants cannot challenge the confirmation of the arbitration award, having missed the

6

deadline to do so, (2) there are no statutory grounds for denying the confirmation, and (3) the arbitration award was not previously confirmed as to appellees.

*Standard of Review*

The Texas Supreme Court has "long held that 'an award of arbitrators upon matters submitted to them is given the same effect as the judgment of a court of last resort. All reasonable presumptions are indulged in favor of the award, and none against it.'" *CVN Group, Inc.v. Delgado*, 95 S.W.3d 234, 238 (Tex. 2002) (quoting *City of San Antonio v. McKenzie Constr. Co.*, 150 S.W.2d 989, 996 (Tex. 1941) ("The courts will not overthrow an award such as this, except in a very clear case.")). Review of an arbitration award is so limited that an award may not be vacated even if there is a mistake of fact or law. *Univ. Comp. Sys., Inc. v. Dealer Solutions, L.L.C.*, 183 S.W.3d 741, 752 (Tex. App.—Houston [1st Dist.] 2005, pet. denied); *Stieren v. McBroom*, 103 S.W.3d 602, 605 (Tex. App.—San Antonio 2003, pet. denied); *Vernon E. Faulconer, Inc. v. HFI, Ltd. P'ship*, 970 S.W.2d 36, 39 (Tex. App.—Tyler 1998, no pet.). The arbitrator's award is "conclusive on the parties as to all matters of fact and law." *Pheng Invs., Inc. v. Rodriquez*, 196 S.W.3d 322, 328 (Tex. App.—Fort Worth 2006, no pet.). Where there is no allegation of a statutory ground to vacate or modify the arbitration award, we lack jurisdiction to review the arbitrator's decision. *See Fogal v. Stature Constr., Inc.*, 294 S.W.3d 708, 721 (Tex. App.—Houston [1st Dist.] 2009, pet.

7

denied); *Providian Bancorp Servs. v. Thomas*, 255 S.W.3d 411, 415 (Tex. App.—El Paso 2008, no pet.); *Pettus v. Pettus*, 237 S.W.3d 405, 418 (Tex. App.—Fort Worth 2007, pet. denied).

*Applicable Law*

The Texas Civil Practice and Remedies Code dictates that, unless grounds are offered for vacating, modifying, or correcting an award under other specified sections of the code, the court, on application of a party, shall confirm the award. *See* TEX. CIV. PRAC. & REM. CODE § 171.087. Thus, "confirmation is the default result unless a challenge to the award has been or is being considered." *Hamm v. Millennium Income Fund, L.L.C.*, 178 S.W.3d 256, 262 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). The grounds for vacating an award under the code are set out in section 171.088(a), which states:

On application of a party, the court shall vacate an award if:

(1) the award was obtained by corruption, fraud, or other undue means;

(2) the rights of a party were prejudiced by:

(A) evident partiality by an arbitrator appointed as a neutral arbitrator;

(B) corruption in an arbitrator; or

(C) misconduct or willful misbehavior of an arbitrator;

(3) the arbitrators:

8

(A) exceeded their powers;

(B) refused to postpone the hearing after a showing of sufficient cause for the postponement;

(C) refused to hear evidence material to the controversy; or

(D) conducted the hearing, contrary to Section 171.043, 171.044, 171.045, 171.046, or 171.047, in a manner that substantially prejudiced the rights of a party; or

(4) there was no agreement to arbitrate, the issue was not adversely determined in a proceeding under Subchapter B, and the party did not participate in the arbitration hearing without raising the objection.

TEX. CIV. PRAC. & REM. CODE § 171.088(a).

These grounds reflect severe departures from an otherwise proper arbitration process and are of a completely different character than ordinary legal error. *Centex/Vestal v. Friendship W. Baptist Church*, 314 S.W.3d 677, 684 (Tex. App.—Dallas 2010, no pet.).

The grounds for modifying or correcting an award are set out in section 171.091(a), which states:

On application, the court shall modify or correct an award if:

(1) the award contains:

(A) an evident miscalculation of numbers; or

(B) an evident mistake in the description of a person, thing, or property referred to in the award;

(2) the arbitrators have made an award with respect to a matter not submitted to them and the award may be corrected without affecting

9

the merits of the decision made with respect to the issues that were submitted; or

(3) the form of the award is imperfect in a manner not affecting the merits of the controversy.

TEX. CIV. PRAC. & REM. CODE § 171.091(a).

### *The First Confirmation Judgment*

Before considering the 333rd District Court's denial of appellants' motion to confirm, we first consider the 133rd District Court's grant of appellant's motion to confirm and resulting judgment against Hong Li, who is not a party to this appeal. In doing so, we find the case of *White v. Siemens*, 369 S.W.3d 911 (Tex. App.—Dallas 2012, no pet.) to be helpful.

In *White*, the arbitrator awarded Siemens damages against four defendants—MWE, MWF, Mullins, and White—jointly and severally. *Id.* at 913. Siemens filed an application to confirm the arbitration award with the trial court, asking the trial court to enter a final judgment in his favor confirming the arbitration award in its entirety. *Id.* MWF, MWE, and Mullins moved to modify or vacate the arbitration, arguing that the arbitrator exceeded his powers. *Id.* Thereafter, Siemens settled with MWE, MWF, and Mullins, who agreed to pay the full amount of the award on behalf of all defendants, including White, who was not a party to the settlement. *Id.* Additionally, Siemens agreed to release MWF after an initial payment of $500,000, agreeing to look to MWE, Mullins, and White for the balance. *Id.* The

10

trial court then ordered that the arbitration award was confirmed and entered a final judgment against MWE, Mullins, and White, jointly and severally. *Id.* at 914. The final judgment ordered that all claims against MWF were dismissed with prejudice. *Id.*

On appeal, White argued that the trial court's judgment erroneously modified the arbitration award to exclude MWF as a judgment defendant. *Id.* The court of appeals agreed, holding that "[b]y dismissing with prejudice all claims against MWF, the trial court's judgment had the effect of completely negating the arbitration award against a party the arbitration panel found to be jointly and severally liable" and "the trial court's judgment, in effect, modified the arbitration award by dismissing a jointly and severally liable party." *Id.* at 915. The court of appeals held that, in seeking to confirm the arbitration award against select parties, Siemens had failed to meet his burden of proving the grounds required for a modification. *Id.* at 916. "Because we find no statutory grounds allowing the trial court to modify the arbitration award in this case, we conclude the trial court erred by modifying the arbitration award to dismiss all claims against a jointly and severally liable party." *Id.* Accordingly, the court of appeals reversed the trial court's judgment and rendered judgment confirming the final award issued by the arbitrator. *Id.* at 917.

11

Thus, applying the reasoning of *White*, we conclude that the 133rd District Court erred when it confirmed the arbitration award as to some, but not all, joint and several defendants. However, appellees were not a party to that judgment and that case was never appealed. Thus, we must now decide whether the 133rd District Court's judgment prohibits appellants from bringing a second motion to confirm the arbitration award against the two defendants who were erroneously omitted from the 133rd Court's judgment.

### *Effect of 133rd District Court's Judgment on 333rd District Court's Judgment*

In this case, appellants contend that the arbitration award was never confirmed and reduced to judgment against appellees, and that no grounds exist to prohibit the 333rd District Court from confirming the arbitration award as to the defendants who were erroneously omitted from the 133rd District Court's judgment. In response, appellees argue that the 333rd District Court properly denied appellants' motion to confirm based res judicata, collateral estoppel, and the prohibition against double recovery. We agree with appellants that none of the grounds urged by appellees are reasons given under the relevant statutes to deny an application to confirm an arbitration award against appellees.

The Texas Arbitration Act ("TAA") states that the court, on application of a party, "shall confirm" an arbitration award "[u]nless grounds are offered for vacating, modifying, or correcting [it] under Section 171.088 or 171.091." TEX.

12

CIV. PRAC. & REM. CODE § 171.087. A party seeking to avoid confirmation of an arbitration award under the TAA may do so "only by demonstrating a ground expressly listed in section 171.088." *Hoskins v. Hoskins*, 497, S.W.3d 490, 495 (Tex. 2016). "The statutory text [of the TAA] could not be plainer: the trial court 'shall confirm' an award unless vacatur is required under one of the enumerated grounds in section 171.088." *Id.* at 494. "[T]he TAA leaves no room for courts to expand on those grounds[.]" *Id.*

Appellees' grounds for avoiding confirmation here—res judicata, collateral estoppel, and the prohibition against double recovery—are not statutory grounds for vacating, modifying, or correcting an arbitration award. *See* TEX. CIV. PRAC. & REM. CODE § 171.088(a) (listing statutory grounds for vacatur) and TEX. CIV. PRAC. & REM. CODE § 171.091(a) (listing statutory grounds for correcting or modifying award).[1]

An action for confirmation of an arbitration award is intended to be a summary proceeding, the purpose of which is to implement the arbitrator's award by making the award a final, enforceable judgment of the court. *Guerra v. L & F*

---

[1] In the event that appellants attempt to obtain a "double-recovery" by executing fully on both a judgment against Hong Li and a judgment against appellants, the issue can be raised in that subsequent action. There is persuasive authority under the FAA for treating the confirmation of an award as a proceeding separate and distinct from an action to enforce the award. *See Zeiler v. Deitsch*, 500 F.3d 157, 169 (2nd Cir. 2007) ("A district court confirming an arbitration award does little more than give the award the force of a court order. At the confirmation stage, the court is not required to consider the subsequent question of compliance.").

*Distributors*, LLC, 521 S.W.3d 878, 885 (Tex. App.—San Antonio 2017, no pet.). It is undisputed that there is no trial court judgment making the arbitration award final and enforceable against appellees; the 133rd District Court's judgment is only against Hong Li.

Appellees have cited no authority, and we can find none, holding that confirming a judgment against one joint-and-several defendant to an arbitration award prevents a separate judgment confirming the same award against other joint-and-several defendants erroneously omitted from the first confirmation judgment.

Because there were no statutory grounds proven for vacating, modifying, or correcting the arbitration award, the trial court had no jurisdiction to do anything other than confirm the arbitration award against appellees. Accordingly, we reverse the judgment of the trial court and render judgment confirming the June 29, 2018 Final Award of Arbitrator.

                                            Sherry Radack
                                            Chief Justice

Panel consists of Chief Justice Radack and Justices Countiss and Farris.