COMMISSIONERS' COURT OF EL
PASO COUNTY, Texas, Appellant,

v.

EL PASO COUNTY SHERIFF'S DEPU-
TIES ASSOCIATION, Appellee.

No. 7052.

Court of Civil Appeals of Texas,
El Paso.

Aug. 19, 1981.

Rehearing Denied Sept. 16, 1981.

George N. Rodriguez, Jr., County Atty.,
Gary Reaves, 1st Asst. County Atty., Todd
Chenoweth, Asst. County Atty., El Paso, for
appellant.

Ainsa, Skipworth, Zavaleta & Butter-
worth, Francis S. Ainsa, Jr., El Paso, for
appellee.

OPINION

STEPHEN F. PRESLAR, Chief Justice.

This is an appeal from a Writ of Manda-
mus ordering the Commissioners' Court of
El Paso County to hold an election to deter-
mine whether or not the voters of El Paso
County will adopt the provisions of Article

5154c–1, Tex.Rev.Civ.Stat.Ann. (Supp.1980–81), to permit the El Paso County Sheriff's Deputies Association to collectively bargain with the County on behalf of the deputy sheriffs. The principal question is whether the Act applies to deputy sheriffs. We affirm.

Article 5154c–1, Tex.Rev.Civ.Stat.Ann. (Supp.1971–1980), is entitled "The Fire and Police Employees Relations Act." The Act provides a system of arbitration between the employees and their public employers as to wages, working conditions and other disputes that might arise, and, in turn, it prohibits strikes and lockouts. The Act becomes applicable only after a vote of the people, and an election for that purpose must be called when a petition is presented to the governing body with the requisite number of signatures. In the case before us, there is no question as to the validity of the petition and other acts leading to its presentation to the Commissioners' Court. The Commissioners' Court declined to call the election on the advice of the County Attorney and an Attorney General's Opinion holding that deputy sheriffs were covered by the Act. The trial Court held that the deputy sheriffs were included in the Act, and Appellant's first point of error is that that holding was erroneous.

The central inquiry is whether the phrase "cities, towns and other political subdivisions" as used in the Act includes counties. Counties are not otherwise named in the Act and deputy sheriffs are not named in the Act; however, there is no contention that full-time deputy sheriffs of a county are not "policem[e]n" as defined in the Act, Art. 5154c–1 Section 3(2):

> The term 'policeman' means each sworn certified full-time paid employee, . . . who regularly serves in a professional law enforcement capacity in the police department of any city, town, or other political subdivision within the state, . . . .

Evidence was introduced that the members of the El Paso Sheriff's Deputies Association meet that criteria, and that fact is not questioned on appeal.

■ Under Texas law, counties are political subdivisions of the State. *Childress County v. State*, 127 Tex. 343, 92 S.W.2d 1011 (1936); *City of Abilene v. State*, 113 S.W.2d 631 (Tex.Civ.App.—Eastland 1937, writ ref'd); 15 Tex.Jur.2d *Counties* sec. 1 (1960). By statute, they are declared to be a "body politic." Art. 1572, Tex.Rev.Civ. Stat.Ann. (1962). Appellant's contention is that when the legislature spoke of "other political subdivisions" in this Act, it did not mean for it to apply to counties. Appellant urges that had the legislature intended that it apply to counties, it could and would have very simply said so.

■ There are no facts in dispute, and it is simply a question of statutory construction. In doing that, the Court's primary objective is to ascertain the legislative intent. *State v. Terrell*, 588 S.W.2d 784 (Tex. 1979); *Minton v. Frank*, 545 S.W.2d 442 (Tex.1976). And, we must ascertain that legislative intent by looking to the entire Act and not its isolated provisions, keeping in mind at all times "the old law, the evil and the remedy." *Woods v. Littleton*, 554 S.W.2d 662 (Tex.1977); *Calvert v. Kadane*, 427 S.W.2d 605 (Tex.1968). The old law is that, prior to the enactment of the Act in 1973, the general laws of the State expressly prohibited collective bargaining as well as strikes in the public employment sector. *Jones v. International Association of Firefighters, Local Union No. 936*, 601 S.W.2d 454 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n. r. e.). And see: Article 5154c, Tex.Rev.Civ.Stat.Ann. (1971), as it existed prior to the 1973 amendment. Recognizing that with no right to strike, firefighters and policemen needed some system of bargaining and settling disputes with their public employers, the legislature amended Article 5154c by the present Act. It specifically provides:

> Sec. 2(b)(1) . . . . A denial to such employees of the right to organize and bargain collectively would lead to strife and unrest, with consequent injury to the health, safety, and welfare of the public. The protection of the health, safety and welfare of the public, however, demands

that strikes, lockouts, work stoppages and slowdowns of firefighters and policemen be prohibited; therefore, it is the obligation of the state to make available reasonable alternatives to strikes by employees in these protective services.

And, again, in paragraph (3):

With the right to strike prohibited, it is requisite to the high morale of firefighters and policemen, and to the efficient operation of the departments which they serve, that alternative procedures be expeditious, effective, and binding. To that end, the provisions of this Act should be liberally construed.

■ The existing evil and the remedy provided apply to deputy sheriffs as well as other "policem[e]n." In fact, as we have seen, the Act defines policemen, and there is no contention but that deputy sheriffs fit within that definition. The phrase "cities, towns and other political subdivisions within the state" is used throughout the statute. For instance, under the heading "Policy," Section 2(a):

It is declared to be the policy of the State of Texas that cities, towns, and other political subdivisions within the state having police and/or fire departments shall provide the firefighters and policemen, in said departments, with compensation and other conditions of employment that are substantially the same as compensation and conditions prevailing in comparable private sector employment.

And, under the Section on "Definitions," it is provided:

(3) The term 'public employer' means the proper official or officials within any city, town, or other political subdivision whose duty is to establish the wages, salaries, rates of pay, hours, working conditions, and other terms and conditions of employment of firefighters and/or policemen whether such person or persons be the mayor, city manager, town manager, town administrator, city council, director of personnel, personnel board, *commissioners*, or other officials, by whatever name designated, or by a combination of such persons. [Emphasis supplied]

And, under the Section entitled "Requirement for prevailing wages and conditions":

Sec. 4. Cities, towns and other political subdivisions within the state employing firefighters and/or policemen . . . .

And, under the heading entitled "Right to organize and bargain collectively":

Sec. 5. (a) Upon the adoption of the provisions of this Act by any city, town, or other political subdivision in this state to which this Act applies, as herein in this section provided, . . . .

And (b):

The provisions of this Act may be adopted by any city, town or other political subdivision to which Act applies by the following method . . . .

When given the liberal construction which the Act itself calls for, it must be concluded that deputy sheriffs and their public employer, counties, are included and covered by the Act. Appellant cites Tex. Att'y Gen. Op. No. H–918 (1976) by then Attorney General John Hill. Opinions of Attorney Generals, while not binding on the judiciary, are persuasive, and entitled to consideration. The reasoning and lack of authorities in that opinion leaves us unpersuaded.

■ Appellant has another point of error that the trial court erred in allowing an individual legislator to testify concerning the scope of coverage of the Act. State Representative Luther Jones testified, over objection, that he co-authored the Act and that he intended the Act to cover deputy sheriffs and counties. Admission of this testimony was error, as the testimony does not go to what the legislature as a whole intended and is therefore irrelevant. *Nixon Construction Company v. Rosales*, 437 S.W.2d 52 (Tex.Civ.App.—El Paso 1969, writ ref'd n. r. e.) A statute is an act of the legislature as an organized body, and expresses the collective will of that body. No single member can be heard to say what the meaning of the statute is. It must speak for and be construed by itself. *D & W, Inc. v. City of Charlotte*, 268 N.C. 577, 151 S.E.2d 241 (1966). However, the error is harmless and does not call for a reversal of

the judgment. There is no contention that the statute is ambiguous; therefore, any such oral testimony cannot, and has not, been considered in construing the statute.

The judgment of the trial Court is affirmed.