

# The Attorney General of Texas

December 29, 1983

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
15/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

606 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Ray Keller
Chairman
Committee on Law Enforcement
Texas House of Representatives
P. O. Box 2910
Austin, Texas    78769

Opinion No.  JM-102

Re:  Whether a constable or sheriff may appoint full-time deputies who receive no compensation

Dear Representative Keller:

You have requested our opinion regarding the authority of county sheriffs and constables to appoint deputy peace officers who will receive no compensation. It is our opinion that state law does not require lawfully appointed deputy peace officers to necessarily receive any compensation. However, we believe that any person commissioned as a peace officer by a city or a county who will receive no compensation must nevertheless perform some legitimate law enforcement duties. It is not a proper purpose for a deputizing authority to designate an individual as a peace officer who will do nothing for the political entity facilitating his appointment. Furthermore, we do not believe that a person may be deputized as a peace officer often trained, educated and certified often at public expense solely to enable that person to secure private employment in a security related field. See JM-57 (1983). The Private Investigators and Private Security Agencies Act makes an exception from its licensing requirements for "a person who has full-time employment as a peace officer." V.T.C.S. art. 4413(29bb), §3(a)(3). In this opinion we limit our answer to the simple question of whether a peace officer must receive compensation. We do not address the unasked questions concerning the legality or liability which might arise from the practice of permitting peace officers to utilize public property and authority in the pursuit of personal and private gain in connection with employment in the private sector. Cf. V.T.C.S. art. 4413(29bb), §28(d).

A county may not be required to pay deputy peace officers in accordance with a binding salary classification schedule. Article 1269q, V.T.C.S., amended this year, Acts 1983, 68th Leg., ch. 433, at 2432, requires counties of more than 75,000 population to

set up classifications in the Sheriff's . . .
[department] providing for duties under such

> classifications and salary for each classification; and thereafter any member of any Sheriff's . . . Department who is called upon to perform the duties under any such classification shall be paid the salary provided therefore for such period as he performs such duties.

Furthermore, article 1269q, as amended, provides for a county wide vote upon a petition signed by 25% of the qualified voters to require that the county pay certain minimum salaries for each "rank, pay grade, or classification" within the sheriff's office.

Article 2372h-8, V.T.C.S., now applicable to counties of more than 1,500,000 population permits the establishment of a civil service system within the sheriff's department following a favorable vote among the department's employees. See Acts 1983, 68th Leg., ch. 570, at 3410. The civil service commission may adopt rules and regulations relating to the classification of and benefits paid to deputy sheriffs and other department employees. The statute does not apply to constables. See also V.T.C.S. art. 2372h-4, (comprehensive civil service system in counties of 200,000).

The Fire and Police Employee Relations Act, article 5154c-1, V.T.C.S., permits collective bargaining to determine the wages to be paid in the sheriff's office. However, the statute applies only to "full-time paid employee[s]." Id. §3(2). Deputies who are paid are required to be compensated on a basis substantially comparable to the private sector. Id. §4. A county wide election is required to adopt the provisions of article 5154c-1. Id. §5(c). See Commissioners' Court of El Paso County v. El Paso County Sheriff's Deputies Association, 620 S.W.2d 900 (Tex. Civ. App. - El Paso 1981, writ ref'd n.r.e.).

Each position of deputy sheriff or constable, whether compensated or not, must first be approved by the commissioners' court. Nevertheless, the sheriff or constable is authorized to enlist the assistance of citizens for the supression of civil disturbances. V.T.C.S. art. 6886 (authority of constable to call citizen to his aid); Code Crim. Proc. arts. 6.05, 6.06, 8.01, 8.05. Article 8.09 of the Code of Criminal Procedure provides that such "special constables" have the authority of peace officers. See Gonzales v. State, 110 S.W. 740 (Tex. Crim. App. 1908). Article 6869, V.T.C.S., specifically provides for the appointment of deputy sheriffs:

> Sheriffs shall have the power, by writing, to appoint one or more deputies for their respective counties, to continue in office during the pleasure of the sheriff, who shall have power and authority to perform all the acts and duties of

> their principals; and every person so appointed
> shall, before he enters upon the duties of his
> office, take and subscribe to the official
> oath . . . .

See also V.T.C.S. arts. 6869a (repeated twice in the Civil Statutes),
6869b, 6869c, 6869e-1, 6869f. The sheriff is responsible for the acts
of his deputies. V.T.C.S. art. 6870. Article 6879a, V.T.C.S.,
provides for the appointment of deputy constables:

> The duly elected Constable in each Justice
> Precinct may appoint Deputies in accordance with
> the provisions of Section 2 of this Act, and each
> and every instance said Deputy Constables shall
> qualify as required of Deputy Sheriffs.

Section 2 of the statute provides for the constable to make
application to the commissioners' court for the approval of the
appointment of deputies in his office:

> said Constable shall first make written
> application to the Commissioners' Court of his
> County showing that it is necessary for such
> Constable to have the Deputy or Deputies requested
> in order to properly handle the business of his
> office originating in the Precinct in which such
> Constable has been elected giving the name of each
> proposed appointee; and if the Commissioners'
> Court shall find that the Constable is in need of
> a Deputy or Deputies requested to handle the
> business originating in his Precinct, then and in
> that event, and in that event only, the
> Commissioners' Court shall approve and confirm the
> appointment of the Deputy or Deputies provided by
> this Act.

The statute also imposes a fine of not more than $1,000 on any
constable or deputy where the appointment is made without the consent
and approval of the commissioners' court. V.T.C.S. art. 6879a, §3.
The constable, like the sheriff, is responsible for the acts of his
deputies. V.T.C.S. art. 6879b.

Reserve deputy sheriffs and constables may be appointed pursuant
to article 6869.1, V.T.C.S. The commissioners' court is entitled by
the statute to limit the number of such reserve peace officers. Id.
§1(b). The commissioners' court may, but is not required, to provide
compensation and reimbursement of expenses incurred by reserve peace
officers. Id. §1(d); see Attorney General Opinion M-1026 (1971) (the
law as originally enacted provided that the county was prohibited from

compensating reserve peace officers). Acts 1971, 62nd Leg., ch. 506, §1(d).

In Attorney General Opinion H-1002 (1977) it was concluded that a sheriff lacked authority to appoint uncertified "special deputies" to patrol an annual county celebration. Similarly, in Attorney General Opinion V-1050 (1950), it was concluded that sheriffs and constables did not have the authority to issue "special commissions" without obtaining commissioners' court authorization under article 3902.

Deputy peace officers must meet the standards promulgated by the Commission on Law Enforcement Standards and Education. V.T.C.S. art. 4413(29aa). This statute requires testing and training for physical and mental fitness. Minimum standards for legal education and weapons training are required. This law does not require peace officers to be paid.

Article 3902, V.T.C.S., is the general statute providing for the appointment of assistants and deputies for county officials. See also V.T.C.S art. 3912k. Although the portions of article 3902, which limit the compensation of deputies in counties of certain population, are either unconstitutional as special laws or impliedly repealed, its introductory paragraph provides in pertinent part as follows:

> Whenever any district, county, or precinct officer shall require the services of deputies, assistants, or clerks in the performance of his duties, he shall apply to the County Commissioners' Court of his county for authority to appoint such deputies, assistants or clerks, stating by sworn application the number needed, the position to be filled, and the amount to be paid . . . . said court shall make its order authorizing the appointment of such deputies, assistants, and clerks and fix the compensation to be paid them . . . . provided that in no case shall the Commissioners' Court or any member thereof attempt to influence the appointment of any person as deputy, assistant or clerk in any office. Upon the entry of such order the officers applying for such assistants, deputies or clerks shall be authorized to appoint them.

See Renfro v. Shropshire, 566 S.W.2d 688 (Tex. Civ. App. - Eastland 1978, writ ref'd n.r.e.). Article 3912k authorizes the commissioners' court to fix the compensation and expenses of county officials and employees. This statute does not prohibit county employees from serving without compensation.

## S U M M A R Y

Constables and sheriffs are authorized to appoint deputies to serve without compensation in positions approved by the commissioners' court.

Very truly yours

J I M   M A T T O X
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by David Brooks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
David Brooks
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton