

# The Attorney General of Texas

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

April 7, 1986

Honorable Lloyd Criss
Chairman
Committee on Labor and
   Employment Relations
Texas House of Representatives
P. O. Box 2910
Austin, Texas    78769

Opinion No.  JM-469

Re:  Whether airport crash and
fire rescue personnel are with-
in the provisions of article
5154c-1, V.T.C.S.

Dear Representative Criss:

You ask whether airport crash and fire rescue personnel are covered as "firefighters" under article 5154c-1, V.T.C.S., the Fire and Police Employee Relations Act.

This act provides, in part, that

> [i]t is declared to be the policy of the State of Texas that cities, towns, and other political subdivisions within the state having police and/or fire departments shall provide the firefighters and policemen, in said departments, with compensation and other conditions of employment that are substantially the same as compensation and conditions prevailing in comparable private sector employment.  (Emphasis added).

Sec. 2(a).  Thus, the act applies only to "cities, towns, and other political subdivisions."  See also §3(3); Commissioners' Court of El Paso County v. El Paso County Sheriff's Deputies Association, 620 S.W.2d 900 (Tex. Civ. App. - El Paso 1981, writ ref'd n.r.e.). Accordingly, we assume that you ask about rescue personnel of airports operated by cities, towns, and other political subdivisions.

Section 3(1) of article 5154c-1 defines "firefighter" as follows:

> The term 'firefighter' means each permanent paid employee in the fire department of any city, town, or other political subdivision within the state, with the sole exception of the chief of the department.  Nothing herein shall apply to volunteer firefighters.

The reasoning followed in Commissioners' Court of El Paso County, 620 S.W.2d 900, is instructive in determining the scope of section 3(1). The court addressed whether the term "policeman," as defined in section 3(2) of the act, includes deputy sheriffs employed by counties. Section 3(2) provides:

> The term 'policeman' means each sworn certified full-time paid employee, whether male or female, who regularly serves in a professional law enforcement capacity in the police department of any city, town, or other political subdivision within the state, with the sole exception of the chief of the department.

Ascertaining legislative intent was the court's primary objective. See 620 S.W.2d at 901. The court looked "to the entire Act and not its isolated provisions, keeping in mind at all times 'the old law, the evil and the remedy.'" Id. Public health, safety, and welfare conditions demand a prohibition on strikes by firefighters and police. Art. 5154c-1, §2(b)(1). Without a right to strike, however, firefighters and policemen need a method to bargain with and to settle disputes with their public employers in order to maintain morale. Id.; 620 S.W.2d at 902. With these considerations, the court reasoned that "[t]he existing evil and the remedy provided apply to deputy sheriffs as well as other 'policemen.'" Accordingly, the court ruled that deputy sheriffs fall within section 3(2) of article 5154c-1. 620 S.W.2d at 902.

Similar considerations apply to the instant case. Although airport rescue personnel may not always be administratively designated as part of the regular fire department of a political subdivision; like the regular department, they serve as vital protection for the public health, safety, and welfare. The nature of the job they perform rather than a job label of "firefighter" should control. See generally Attorney General Opinion H-76 (1973). Consequently, we believe that they are the type of public employee that the legislature intended to protect as "firefighters" in article 5154c-1.

Moreover, the courts have followed the legislature's directive that "this Act should be liberally construed." For example, in Keirstead v. City of San Antonio, 636 S.W.2d 522 (Tex. Civ. App. - San Antonio 1982), modified, 643 S.W.2d 118 (Tex. 1982), the court applied article 5154c-1 to Emergency Medical Technicians of the San Antonio Fire Department. Cf. City of San Antonio v. Aguilar, 696 S.W.2d 648 (Tex. App. - San Antonio 1985, no writ). These public employees were personnel of the fire department, but they were not employed in a fire-fighting capacity. Although the scope of the term "firefighter" was not directly in issue, the case evidences a tacit acceptance of a liberal construction of the coverage of the term. For these reasons,

we conclude that the crash and fire rescue personnel of an airport operated by cities, towns, and other political subdivisions are covered by article 5154c-1.

## S U M M A R Y

The crash and fire rescue personnel of an airport operated by cities, towns, and other political subdivisions are covered by article 5154c-1, V.T.C.S.

Very truly yours

**J I M   M A T T O X**
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jennifer Riggs
Assistant Attorney General