

# NUMBER 13-14-00188-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JEFFERSON COUNTY
CONSTABLES ASSOCIATION,                                          Appellant,

v.

JEFFERSON COUNTY, TEXAS,                                          Appellee.

On appeal from the 60th District Court
of Jefferson County, Texas.

# OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Perkes
Opinion by Justice Perkes[1]**

Appellee Jefferson County, Texas ("County") filed suit seeking to vacate an

arbitration award entered in favor of appellant Jefferson County Constables Association

---

[1] Pursuant to a docket-equalization order issued by the Supreme Court of Texas, the appeal has been transferred to this Court from the Ninth Court of Appeals in Beaumont, Texas.   *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2015 R.S.).

("Constables Association") concerning a collective bargaining agreement between the parties. After the parties filed competing motions for summary judgment, the trial court entered judgment in favor of the County, thereby vacating the arbitration award. By two issues, which we treat as one, the Constables Association argues the trial court erred in vacating the award because: (1) "[t]he arbitrator did not exceed his jurisdiction and had the inherent power to issue the Arbitration Award"; and (2) "[t]he Arbitration Award did not violate the Local Government Code or any statute." We reverse and render.

## I. BACKGROUND

The County and Constables Association entered into a collective bargaining agreement for the period commencing on October 1, 2007, and ending on September 30, 2011. The agreement generally addressed "standards of wages, hours and other terms and conditions of employment" for deputy constables employed by the County. The agreement also provided for binding arbitration of "all disputes concerning the proper interpretation and application of th[e] agreement, or alleged violations of th[e] agreement[.]" The parties' dispute pertains to those provisions concerning layoffs and abolishing positions.

During the period of the agreement, the County eliminated several deputy constable positions. The Constables Association complained to the County that the layoffs violated the requirement that seniority be the sole factor for layoffs, and the dispute was submitted to arbitration. The arbitrator determined the County violated the agreement "by laying off or failing to budget for specific deputy constables without regard to seniority[.]" The arbitrator awarded the following:

2

1.  The parties shall met [sic] and negotiate to agree on the seniority ranking of the deputy constables to determine which constables should be reinstated and in what order.

2.  The County shall reinstate those deputy constables laid off and pay the back wages, less the income made by the deputy from other employment, in the order of their seniority.

The County filed an original petition seeking to vacate the arbitration award, contending: (1) the arbitrator lacked jurisdiction to render the award; (2) the arbitrator exceeded his jurisdiction by controlling the budgetary process of the County; (3) the award was not supported by competent, material, or substantial evidence found in the record; and (4) the arbitrator did not properly interpret the agreement.

Subsequently, the parties filed competing motions for summary judgment, with the summary judgment record consisting of only the agreement and the arbitration award. In its motion, the County argued the arbitration award should be vacated on two grounds: (1) the arbitrator lacked jurisdiction to reinstate the deputy constables because Texas Local Government Code section 86.011 vests authority for the appointment of deputy constables with the constable and the commissioner's court for the County; and (2) the arbitrator exceeded his jurisdiction by ignoring a provision of the agreement which the County alleged provided it with authority to "lay off for lack of work or funds (and) the right to abolish positions." The Constables Association argued in its motion for summary judgment that the arbitration award should be confirmed because it was supported by the agreement's provision requiring that seniority be the sole factor in layoff decisions.

The trial court granted the County's motion for summary judgment, thereby vacating the arbitrator's award. This appeal followed.

3

## II. SUBJECT MATTER JURISDICTION

As a threshold matter, we must address whether deputy constables have collective bargaining rights under chapter 174 of the Texas Local Government Code, titled the Fire and Police Employee Relations Act (FPERA). *See* TEX. LOC. GOV'T CODE ANN. ch. 174 (West, Westlaw through 2015 R.S.). In *Wolff v. Deputy Constables Association of Bexar County*, the San Antonio Court of Appeals concluded that deputy constables are not "police officers" as defined by the FPERA and, therefore, they have no standing to assert a violation of their collective bargaining rights. 441 S.W.3d 362, 366 (Tex. App.—San Antonio 2013, no pet.). As this issue potentially impacts our jurisdiction over the present appeal, we abated this case and requested supplemental briefing. *See M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004) ("[W]e are obligated to review sua sponte issues affecting jurisdiction."). The Constables Association filed a supplemental brief arguing that *Wolff* was wrongly decided because deputy constables are "police officers" in the police department of the county, similar to deputy sheriffs. The County responds that deputy constables do not serve "in the police department of a political subdivision;" therefore, they do not constitute "police officers" under the FPERA.

### A. Standard of Review and Applicable Law

#### 1. Standing & Subject Matter Jurisdiction

Subject matter jurisdiction is essential to the authority of a court to decide a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). Subject matter jurisdiction is an issue that may be raised for the first time on appeal; it may not be waived by the parties. *Id.* at 445. Standing is implicit in the concept of subject matter

4

jurisdiction. *Id.* at 443. "A court has no jurisdiction over a claim made by a plaintiff who lacks standing to assert it." *Heckman v. Williamson County.*, 369 S.W.3d 137, 150–51 (Tex. 2012).

A determination of standing focuses on whether a party has a "justiciable interest" in the outcome of the lawsuit, such as when it is personally aggrieved or has an enforceable right or interest. *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2005) (citing *Nootsie, Ltd. v. Williamson County Appraisal Dist.*, 925 S.W.2d 659, 661 (Tex.1996)). An association has standing to sue on behalf of its members when (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit. *Tex. Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 518 (Tex. 1995). As a component of subject matter jurisdiction, standing is a question of law we review de novo. *See Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998); *Tex. Ass'n of Bus.*, 852 S.W.2d at 445–46.

### 2. Statutory Construction

To the extent our jurisdictional inquiry requires the construction of the FPERA, our review is de novo. *Molinet v. Kimbrell*, 356 S.W.3d 407, 411 (Tex. 2011). Our fundamental objective in interpreting a statute is "to determine and give effect to the Legislature's intent." *Am. Zurich Ins. Co. v. Samudio*, 370 S.W.3d 363, 368 (Tex. 2012); *accord Molinet*, 356 S.W.3d at 411. In turn, "[t]he plain language of a statute is the surest guide to the Legislature's intent." *Prairie View A & M Univ. v. Chatha*, 381 S.W.3d 500,

507 (Tex. 2012). "We take the Legislature at its word, and the truest measure of what it intended is what it enacted." *In re Office of Attorney Gen.*, 422 S.W.3d 623, 629 (Tex. 2013). "[U]nambiguous text equals determinative text," and "'[a]t this point, the judge's inquiry is at an end.'" *Id.* (quoting *Alex Sheshunoff Mgmt. Servs., L.P. v. Johnson*, 209 S.W.3d 644, 652 (Tex. 2006)); *see In re Lee*, 411 S.W.3d 445, 450–451 (Tex. 2013).

## B.    Analysis

"An official of the state or of a political subdivision of the state may not enter into a collective bargaining contract with a labor organization regarding wages, hours, or conditions of employment of public employees." TEX. GOV'T CODE ANN. § 617.002(a) (West, Westlaw through 2015 R.S.); *see Dallas Area Rapid Transit v. Amalgamated Transit Union Local No. 1338*, 273 S.W.3d 659, 661 (Tex. 2008) ("Texas law prohibits a state political subdivision from collective bargaining with public employees."). A contract made in violation of section 617.002 is void and unenforceable. TEX. GOV'T CODE ANN. § 617.002(b).

The FPERA, however, entitles "fire fighters, police officers, or both . . . to organize and bargain collectively with their public employer regarding compensation, hours, and other conditions of employment." TEX. LOC. GOV'T CODE ANN. § 174.023 (West, Westlaw through 2015 R.S.). "Police officers" are defined as "a paid employee who is sworn, certified, and full-time, and who regularly serves in a professional law enforcement capacity in the police department of a political subdivision." *Id.* § 174.003. The FPERA is to be liberally construed. *Id.* § 174.004.

Texas courts have concluded that deputies, detention officers, and jailers employed by a sheriff's office are all "police officers" under the FPERA, while park rangers employed by a parks department are not. *See City of San Antonio v. San Antonio Park Rangers Ass'n*, 850 S.W.2d 189, 192–93 (Tex. App.—San Antonio 1992, writ denied) (park rangers); *Webb County. v. Webb County Deputies Ass'n,* 768 S.W.2d 953, 955 (Tex. App.—San Antonio 1989, no writ) (detention officers and jailers); *Comm'rs Ct. of El Paso County. v. El Paso County Sheriff's Deputies Ass'n*, 620 S.W.2d 900, 902 (Tex. Civ. App.—El Paso 1981, writ ref'd n.r.e.) (sheriff deputies).

In *Wolff*, our sister court of appeals held that deputy constables "do not meet the definition of 'police officer' under the [FPERA] because they do not serve in the 'police department' of the county or the Sheriff's Office." 441 S.W.3d at 366. On this basis, the court concluded that deputy constables lack standing to bring a suit under the FPERA. *Id.* For the reasons set out below, we disagree with the holding in *Wolff*.[2]

"[C]onstables and their deputies, are statutorily designated as peace officers under article 2.12 of the Code of Criminal Procedure." *Arrington v. County of Dallas*, 792 S.W.2d 468, 470 (Tex. App.—Dallas 1990, writ denied) (citing TEX. CODE CRIM. PROC. ANN. art. 2.12(2) (West, Westlaw through 2015 R.S.)). As peace officers, deputy constables are empowered to preserve the peace within their jurisdiction, execute lawful process, give notice of all offenses committed within their jurisdiction, and arrest

---

[2] Because this is a transfer case, we apply the precedent of the Beaumont Court of Appeals to the extent it differs from our own. *See* TEX. R. APP. P. 41.3. However, we have found no precedent from the Beaumont Court of Appeals addressing the collective bargaining rights of deputy constables.

7

offenders, without a warrant, where authorized by law. *Id.* (citing TEX. CODE CRIM. PROC. ANN. art 2.13).

We conclude that deputy constables are (1) paid employees, (2) who are sworn, certified, and full-time, and (3) who regularly service in a professional law enforcement capacity. *See* TEX. LOC. GOV'T CODE Ann. § 174.003. The only remaining requirement under the FPERA is whether deputy constables serve in the police department of a political subdivision. *See id.* § 174.003(3).

In *Commissioners Court of El Paso County v. El Paso County Sheriff's Deputies Association*, the El Paso Court of Appeals held that deputy sheriffs were subject to the provisions of the FPERA. 620 S.W.2d at 902 (Tex. Civ. App.—El Paso 1981, writ ref'd n.r.e). The court noted that sheriff deputies are employed by counties, which are political subdivisions of the State. *Id.* The court then explained that "given the liberal construction which the [FPERA] itself calls for, it must be concluded that deputy sheriffs and their public employer, counties, are included and covered by the [FPERA.]" *Id.* We believe the court's rationale concerning deputy sheriffs extends to deputy constables.

The offices of sheriff and constable are both established and regulated by the Texas constitution and by statute. TEX. CONST. art. V, §§ 18, 23; TEX. LOC. GOV'T CODE ANN. ch. 86 (West, Westlaw through 2015 R.S.). Statutory provisions concerning sheriffs and constables are included under Subtitle B of the Texas Local Government Code titled "Commissioners Court and County Officers." *See* TEX. LOC. GOV'T CODE ANN. ch. 81–89 (West, Westlaw through 2015 R.S.). "[A] deputy constable must qualify in the manner provided for deputy sheriffs." TEX. LOC. GOV'T CODE ANN. § 86.011. Deputy sheriffs and

8

deputy constables are empowered to preserve the peace within the county. *See* Tex. Crim. Proc. Code Ann. art. 2.13(a) (West, Westlaw through 2015 R.S.) ("It is the duty of every peace officer to preserve the peace within the officer's jurisdiction[.]"); *id.* art. 2.17 (West, Westlaw through 2015 R.S.) ("Each sheriff shall be a conservator of the peace in his county[.]"); Tex. Loc. Gov't Code Ann. § 86.021(c) ("A constable expressly authorized by statute to perform an act or service . . . may perform the act or service anywhere in the county in which the constable's precinct is located."). The office of sheriff and constable each have the duty to execute all process and precepts directed to their office by legal authority. Tex. Loc. Gov't Code Ann. §§ 85.021(a); 86.021(a). We also note that the FPERA's definition for "public employer" includes a reference to "commissioners," members of the governing body of the county. *See id.* § 174.003(5); *Griffin v. Birkman*, 266 S.W.3d 189, 194 (Tex. App.—Austin 2008, pet. denied) (citing Tex. Const. art. V, § 18). Given the liberal construction required by the FPERA, we find no meaningful distinction between deputy sheriffs and deputy constables with respect to the FPERA's definition of "police officers."

The County maintains that FPERA's requirement that police officers serve in "*the police department of a political subdivision*" means there can be only one qualifying police department for a political subdivision, which for counties would be the sheriff's department. We agree that this limiting language would exclude certain peace officers who do not serve in what can be categorized as a "police department." *See San Antonio Park Rangers Ass'n*, 850 S.W.2d at 192–93 (concluding park rangers were not "police officers" under FPERA because they served city's parks and recreation department and

9

not police department). However, we do not interpret such language as operating to exclude deputy constables, who work in a county law enforcement office established by the Texas Constitution.

We conclude the parties' collective bargaining agreement is authorized by the FPERA. Therefore, the parties have standing to enforce the agreement, and we have subject matter jurisdiction to hear the appeal. *See Heckman*, 369 S.W.3d at 150–51.

### III. ARBITRATION AWARD

By two issues, the Constables Association argues the trial court erred in vacating the arbitration award because, contrary to those grounds raised in the County's motion for summary judgment, the arbitrator did not exceed his jurisdiction, and the reinstatement of the deputy constables does not violate public policy or the law.

### A. Standard of Review and Applicable Law

We review a summary judgment de novo. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). "When both sides move for summary judgment and the trial court grants one motion and denies the other, the reviewing court should review both sides' summary judgment evidence and determine all questions presented." *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000). In such a situation, we render the judgment the trial court should have rendered. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). Unless the grounds for summary judgment are specified, a summary judgment order must be affirmed if any of the summary judgment grounds are meritorious. *FM Props.*, 22 S.W.3d at 872.

10

Our review of a trial court's decision to confirm or vacate an arbitration award is de novo. *Pettus v. Pettus*, 237 S.W.3d 405, 418 (Tex. App.—Fort Worth 2007, pet. denied). We indulge every reasonable presumption in favor of the arbitrator's decision. *Id.* Arbitration of disputes is strongly favored under state and federal law. *Prudential Sec., Inc. v. Marshall*, 909 S.W.2d 896, 898 (Tex. 1995) (orig. proceeding). Therefore, judicial review of an arbitration award is extraordinarily narrow. *E. Tex. Salt Water Disposal Co. v. Werline*, 307 S.W.3d 267, 271 (Tex. 2010). The review focuses on the integrity of the process, not the propriety of the result. *Jones v. Brelsford*, 390 S.W.3d 486, 492 (Tex. App.—Houston [1st Dist.] 2012, no pet.). Thus, even a mistake of fact or law by the arbitrator is not a proper ground for vacating an award. *Universal Computer Sys., Inc. v. Dealer Solutions, L.L.C.*, 183 S.W.3d 741, 752 (Tex. App.—Houston [1st Dist.] 2005, pet. denied).

Absent an allegation of a statutory or common law ground to vacate or modify an arbitration award, a reviewing court lacks jurisdiction to review the arbitrator's decision. *In re Guardianship of Cantu de Villarreal*, 330 S.W.3d 11, 18 (Tex. App.—Corpus Christi 2010, no pet.). In this case, the County did not identify any applicable statutory grounds; therefore, our review is limited to the common law grounds asserted by the County.[3]

---

[3] The County cited Texas Local Government Code section 174.253 in its petition as a statutory ground for vacating the arbitration award and also relies on that provision on appeal. *See* Tex. Loc. Gov't Code Ann. § 174.253 (West, Westlaw through 2015 R.S.). Chapter 174 of the Local Government Code, titled the "Fire and Police Employee Relations Act," establishes collective bargaining rights for police officers and fire fighters. *See id.* § 174.023. However, Chapter 174's arbitration provisions apply only to arbitration for collective bargaining impasses. *See id.* § 174.153; *City of Laredo v. Mojica*, 399 S.W.3d 190, 194 (Tex. App.—San Antonio 2012, pet. denied) (concluding that Chapter 174's arbitration provisions did not apply to fully negotiated collective bargaining agreement). The agreement in this case has been successfully negotiated; therefore, Chapter 174 does not apply. *See* Tex. Loc. Gov't Code Ann. § 174.153; *Mojica*, 399 S.W.3d at 194. In its brief on appeal, the County also relies on Texas Civil Practice and Remedies Code chapter 171, which is known as the Texas Arbitration Act. *See* Tex. Civ. Prac. & Rem. Code Ann. Ch. 171 (West, Westlaw through 2015 R.S.) However, the Texas Arbitration Act does not apply

Under the common law, a trial court can vacate an arbitrator's award if it violates public policy or the law or if the award exceeds the scope of the arbitrator's authority.[4] *Lee v. El Paso County*, 965 S.W.2d 668, 672 (Tex. App.—El Paso 1998, pet. denied); *see City of Beaumont v. Int'l Ass'n of Firefighters, Local Union No. 399*, 241 S.W.3d 208, 212 (Tex. App.—Beaumont 2007, no pet.) ("It has long been settled that an arbitration award that exceeds the authority conferred by the arbitration agreement is void.").

To support vacatur of an arbitration award based upon public policy, a concern must be "well defined and dominant" and not derived "from general considerations of supposed public interests." *CVN Group, Inc. v. Delgado*, 95 S.W.3d 234, 239–40 (Tex. 2002) (quoting *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 44 (1987)). For example, an arbitration award may be set aside if it is based on an unlawful contract or illegal transaction. *See id.* at 237–38 ("[A]n illegal contract unenforceable by litigation should not gain legitimacy through arbitration."). An arbitration award that directly conflicts with a Texas constitutional provision also violates public policy. *See id.* at 239; *see also Lee*, 965 S.W.2d at 673 (considering a constitutional provision that prohibits granting extra compensation for services already rendered).

"[T]he authority of arbitrators is derived from the arbitration agreement and is limited to a decision of the matters submitted therein either expressly or by necessary

---

to collective bargaining agreements. *See id.* § 171.002(a)(1) ("This chapter does not apply to . . . a collective bargaining agreement between an employer and a labor union."); *In re Paris Packaging, Inc.*, 136 S.W.3d 723, 727 (Tex. App.—Texarkana 2004, no pet.). The County does not cite any additional statutory authority for vacating the arbitrator's award; therefore, we will judge the validity of the arbitrator's award under common law rules. *See L.H. Lacy Co. v. City of Lubbock*, 559 S.W.2d 348, 351–52 (Tex. 1977).

[4] Although not relevant to this appeal, we note other common law grounds include allegations that the arbitration award constitutes a manifest disregard of the law or gross mistake. *See Humitech Dev. Corp. v. Perlman*, 424 S.W.3d 782, 794 (Tex. App.—Dallas 2014, no pet.).

implication." *City of Pasadena v. Smith*, 292 S.W.3d 14, 20 n.41 (quoting *Gulf Oil Corp. v. Guidry*, 327 S.W.2d 406, 408 (Tex. 1959)). Arbitrators therefore exceed their authority when they decide matters not properly before them. *See Gulf Oil Corp.*, 327 S.W.2d at 408; *City of Baytown v. C.L. Winter, Inc.*, 886 S.W.2d 515, 518 (Tex. App.—Houston [1st Dist.] 1994, writ denied).

## B.     Discussion

We first note that the trial court's order did not specify the grounds for granting summary judgment; therefore, we will affirm if any of the summary judgment grounds raised by the County are meritorious. *See FM Props.*, 22 S.W.3d at 872; *Stiles v. Resolution Trust Corp.*, 867 S.W.2d 24, 26 (Tex. 1993) ("[A] summary judgment cannot be affirmed on grounds not expressly set out in the motion or response."). In its motion for summary judgment, the County raised the following grounds for vacating the arbitration award: (1) the arbitrator lacked jurisdiction to reinstate deputy constables because section 86.011 of the Local Government Code vests the authority for the appointment of deputy constables with the constable and the commissioner's court for the County; and (2) the arbitrator exceeded his jurisdiction by ignoring a provision of the agreement which provided the County with the authority to "lay off for lack of work or funds (and) the right to abolish positions."

### 1.     Violation of the Law or Public Policy

We construe the County's first summary-judgment ground as seeking vacatur under the common law on the basis that the arbitration award violates public policy or the law. *See Lee*, 965 S.W.2d at 672. Texas Local Government Code section 86.011, titled

13

"Appointment of Deputy Constable," as well as section 151.001, require that deputy constables be appointed by the constable and approved and confirmed by the county commissioners court.[5]  *See* TEX. LOC. GOV'T CODE ANN. §§ 86.011, 151.001 (West, Westlaw through 2015 R.S.); *County of Dallas v. Wiland*, 216 S.W.3d 344, 347 n.4 (Tex. 2007); *see also Greenway v. Roccaforte*, No. 09-08-00529-CV, 2009 WL 3460683, at *4 (Tex. App.—Beaumont Oct. 29, 2009, pet. denied) (mem. op.).   In its summary-judgment motion, the County urged that the arbitration award violates section 86.011 and, in effect, "order[ed] the [county] commissioners court to disregard the laws of the State of Texas[.]" The Constables Association responded that the cited statutes are "applicable to the appointment of deputy constables and/or the creation of new deputy constable positions but not to the subsequent reinstatement of laid-off employees."   We agree with the Constables Association.

The arbitration award provides that "the parties shall met [sic] and negotiate to agree on the seniority ranking of the deputy constables to determine which constables should be reinstated and in what order."   The award further provides that "[t]he County

---

[5] Section 86.011(a) of the Local Government Code provides as follows:

> An elected constable who desires to appoint a deputy must apply in writing to the commissioners court of the county and show that it is necessary to appoint a deputy in order to properly handle the business of the constable's office that originates in the constable's precinct. The application must state the name of the proposed deputy. The commissioners court shall approve and confirm the appointment of the deputy only if the commissioners court determines that the constable needs a deputy to handle the business originating in the precinct.

TEX. LOC. GOV'T CODE ANN. § 86.011(a) (West, Westlaw through 2015 R.S.).

Section 151.001 provides that "[a] district, county, or precinct officer who requires the services of deputies, assistants, or clerks in the performance of the officer's duties shall apply to the commissioners court of the county in which the officer serves for the authority to appoint the employees." *Id.* § 151.001(a) (West, Westlaw through 2015 R.S.).

14

shall reinstate those deputy constables laid off and pay the back wages, less income made by the deputy from other employment, in the order of their seniority." Rather than ordering the County to appoint new deputy constables, the award requires reinstatement of the deputy constables whose initial appointments were already approved in accordance with Texas Local Government Code sections 86.011 and 151.001. Further, the arbitrator's award reinstating deputy constables was made in accordance with the terms of a collective bargaining agreement between the County and the Constables Association; this agreement was signed by the County Judge and each constable in the County, and was approved by the commissioners court.

We conclude under these facts that the arbitrator's award did not usurp any statutory authority of the County concerning the appointment of deputy constables, and therefore the trial court's summary judgment is not supported on the ground that the award violates the law or public policy. *See Lee*, 965 S.W.2d at 672; *FM Prop's Operating Co.*, 22 S.W.3d at 872.

### 2. Authority of the Arbitrator

The County's motion for summary judgment also argued that the arbitrator exceeded his jurisdiction by ignoring a provision of the agreement which provided the County with the authority to "lay off for lack of work or funds (and) the right to abolish positions." Article 8 of the agreement, titled "Management Rights", provides in pertinent part as follows:

> Except as otherwise specifically provided herein, the direction of the work force and the management of the Constable's office, including, but not limited to, . . . the right to lay off for lack of work or funds, the right to abolish

15

positions . . . are vested exclusively in the Constable and/or County as applicable.

The Constables Association argues that the arbitration award was authorized by Article 13, Section IV, titled "Lay-off/recall", which provides that "[s]eniority shall be the sole factor in layoff and recall, with layoff being accomplished beginning with the least senior deputy, and recall beginning with the most senior deputy in the highest job classification."

We note that the agreement provides the arbitrator with the authority to resolve "[a]ll disputes concerning the proper interpretation and application of this Agreement." Therefore, the interpretation of the relevant provisions concerning seniority and layoffs was properly before the arbitrator. The County's argument is not that the arbitrator did not have the authority to interpret the agreement, but that the arbitrator decided the issue incorrectly. However, in determining whether the arbitrator exceeded his authority, we need not decide whether the arbitrator made a correct decision under the law and facts of the case. *See D.R. Horton-Texas, Ltd. v. Bernhard*, 423 S.W.3d 532, 535 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) (concluding issue of attorney's fees was clearly submitted to arbitrator, while declining to decide whether arbitrator's decision was correct under law and facts of case); *Universal Computer Sys.,* 183 S.W.3d at 752.

Our review focuses on the integrity of the process, not the propriety of the result; therefore, even a mistake of fact or law by the arbitrator is not a proper ground for vacating an award. *See Universal Computer Sys.,* 183 S.W.3d at 752. The interpretation of the agreement's provisions concerning layoffs and seniority was clearly submitted to the arbitrator, and the arbitrator consulted the contractual provisions when reaching his

16

conclusion. Under these circumstances, we cannot conclude that the arbitrator exceeded his authority by determining the County violated the agreement and awarding reinstatement of certain deputy constables. *See Gulf Oil Corp.*, 327 S.W.2d at 408; *City of Baytown*, 886 S.W.2d at 518. Therefore, we cannot affirm summary judgment on this ground. *See FM Props. Operating Co.*, 22 S.W.3d at 872.

### 3. Summary

We conclude the summary judgment grounds raised by the County are without merit. *See FM Props. Operating Co.*, 22 S.W.3d at 872; *Knott,* 128 S.W.3d at 215. Absent a meritorious ground for vacating the arbitration award, the trial court erred in granting summary judgment in favor of the County and in denying the Constables Association's motion for summary judgment. *See Mann Frankfort*, 289 S.W.3d at 848. We sustain the Constables Association's issue.

### IV. CONCLUSION

We reverse the judgment of the trial court and render judgment in favor of the Constables Association.

GREGORY T. PERKES
Justice

Delivered and filed the
5th day of May, 2016.

17